82 U.S. 387
 21 L.Ed. 176
 15 Wall. 387
 MOSES
v.
THE MAYOR.
 December Term, 1872
 
 1
 ON motion of Mr. P. Phillips, to dismiss for want of juris diction; the case being thus:
 
 
 2
 Moses and another had filed their bill in a State court of Alabama, asserting that a law of that State authorized them, on payment of a certain sum, to establish a lottery; that they had paid the sum and established a lottery accordingly. They now complained that they had been several times arrested by the mayor's police, charged with gambling, and had been thus obstructed in the pursuit of their business. The bill then prayed an injunction to restrain the mayor, &c., from interfering in their 'carrying on the scheme of the roulette table and ball, or in the use of the scheme of the revolving oblong box and balls on the principle of the game called keno,' &c., &c. The chancellor granted the injunction as prayed for. The answer of the mayor denied among other things that the complainants had fulfilled the conditions of the act under which they claimed the right of lottery, and asserted that under pretext of its authority they were carrying on a corrupting system of gambling, which it was admitted the mayor was determined to put down. It insisted that after a default of payment as required by the act, while it was still due and before it was paid, the legislature repealed the said act under which the complainants claimed this right to carry on the lottery or 'system of gambling' described in the bill; and further, that the mode used in conducting this business was unauthorized by the act.
 
 
 3
 Upon the coming in of the answer a motion was made to dissolve the preliminary injunction, but this was denied. An appeal was taken from this order refusing to dissolve to the Supreme Court of the State, and the order of the chancery court was reversed and the said injunction dissolved. From this decree Moses and the other took an appeal to this court, under the assumption that the case came within the first paragraph of the 25th section of the Judiciary Act of 1789 (quoted supra, p. 3), or the similar section of the act of 1867;* for that the complainants having paid the sum required by the act authorizing the lottery had 'a contract' with the State, and that the subsequent act of the State repealing the former one impaired the obligation of that contract.
 
 
 Mr. Phillips, in support of the motion:
 
 
 4
 1. There is no Federal question.
 
 
 5
 2. If there be, there is no final judgment.
 
 
 6
 As to the first ground. The pretensions of the complainants are under a State act, and their complaint is that certain trespassers were interfering with their rights under it. The defence is that the rights insisted on were not warranted by the true construction of that act, that its conditions had not been complied with, and that while the default existed the legislature had repealed it.
 
 
 7
 The decision of the chancellor extends only to a refusal to dissolve the preliminary injunction. He decides no question of Federal jurisdiction.
 
 
 8
 On this refusal to dissolve, the case is taken to the Supreme Court, where that refusal is overruled and the injunction dissolved. There is here no Federal question decided.
 
 
 9
 Independent of this is the second ground, that there is no final judgment. The dissolution of the injunction still left the bill pending to be disposed of on its merits.
 
 
 10
 The judgment of the court is particularly invoked on the first ground for dismissal, as it would tend to bring this litigation to a speedier end.
 
 
 11
 
 Messrs. J. A. Elmore, S. F. Rice, and J. T. Morgan, contra:
 
 
 
 12
 In Manaway v. The State,** the Supreme Court of Alabama held that the provisions of this law, when complied with by Moses and his partner, conferred on them the rights of a contract.
 
 
 13
 If this is so, the contract is protected by the Constitution of the United States, and this court cannot be ousted of its appellate jurisdiction by a decision of the highest court of the State that there was no contract, which was what was decided when the decree of the court of chancery giving an injunction was reversed. Such a rule would exclude this court from all appellate power in all cases of contract, if the State courts should differ with it on the fact as to whether a contract existed, and would place it in the power of the State courts to shelter their decisions against review, and enable them, by the selection of the grounds of decision, to deny to a person a constitutional right, and also to admeasure and restrict the appellate power of this court. In such cases the appellate power of the Supreme Court rests, in a measure, on the nature of the question in the case, arising on the pleadings and proofs, and the State court cannot shut the question out of the case, and exclude it from the cognizance of the Supreme Court of the United States by ignoring it, or pretermitting all notice of it, or even by denying its existence.
 
 The CHIEF JUSTICE:
 
 14
 The motion to dismiss is rested upon two grounds: First, that none of the questions specified in the Judiciary Act of 1867 were raised in the Supreme Court of Alabama; second, that there was no final judgment.
 
 
 15
 As we are clearly of opinion that we have no jurisdiction of the case for the second reason it is unnecessary to consider the first. Obviously, there was no final decree. The only decree rendered in the Supreme Court was that the injunction of the court below be dissolved. That decree was in no sense final. It left the whole case to be disposed of upon its merits. This has been frequently decided.
 
 
 16
 WRIT DISMISSED.
 
 
 
 *
 See the two acts concolumned, 12 Wallace, 689.
 
 
 **
 44 Alabama, 375.