## THOMAS & CO. *v.* WOOLDRIDGE.

1. The court will not, generally speaking, refuse to hear a motion to dismiss, before the term to which, in regular order, the record ought to be returned, if the record be printed and the rules of court about motions of that sort have been complied with by the party making the motion.

2. Though a failure of the party making a motion to dismiss, to send a copy of his brief to the counsel of the other side within the time required by the amendment made at December Term, 1871, to Rule 6, would entitle such counsel of the other side to ask to postpone the hearing in order to give time for further preparation, yet if he have himself before the hearing filed a full argument upon the merits of the motion, the failure of his opposing counsel to have complied with the amendment to the rule would hardly warrant an objection that the notice of the motion was insufficient.

3. A motion to dismiss an appeal in equity may properly be made by one of several appellees, he being the only one who has any interest in the suit, and the only one who filed an answer below.

4. An appeal will not lie from a decree dissolving an injunction unless there be a dismissal of the bill.

ON motion to dismiss an appeal from the Circuit Court for the Southern District of Mississippi. The case was thus:

In May, 1874, Wooldridge, of Kentucky, got a judgment in the Circuit Court just named, against Thomas & Co., of Mississippi, for $4800.

In June following, one Hedric, of Louisiana, a creditor of Wooldridge, attached in a State court of Mississippi, the judgment which Wooldridge had thus got, and summoned Thomas & Co. as garnishees. Notwithstanding this, the attorney of Wooldridge issued a *fi. fa.* against Thomas & Co., and the marshal was proceeding to levy and make sale of their property to satisfy it. They informed him of the attachment, and that they had been summoned as garnishees, and remonstrated against the levy. To this the marshal replied that his own fees in the suit of Wooldridge against them, and the fees of Wooldridge's attorney would take precedence of any lien made by the attachment. Thomas & Co. accordingly paid the marshal his own fees and those of the attorney, and a credit to this extent was entered on the *fi. fa.*

However, the attorney soon afterwards issued an *alias fi. fa.* for the balance.

Hereupon Thomas & Co. filed a bill against Wooldridge, *the attorney, and the marshal,* in the Circuit Court, where the judgment had been got against them, praying an injunction against all the parties just mentioned from any further attempt to collect the judgment got by Wooldridge, until the proceedings in attachment had been disposed of; the bill stating that the attorney was made defendant " by reason of his being attorney of the said Wooldridge, and not by reason of any personal interest of his own in the matters set forth in the bill." The bill prayed process against Wooldridge, the attorney, and the marshal, and that *Wooldridge,*

as " the real party in interest," might be required to answer, and that he, the attorney, and marshal should be enjoined from proceeding until, as already said, the result of the proceedings in attachment should be seen.

The bill also prayed that if the complainants should be adjudged to pay the judgment-debt under the proceedings in attachment, Wooldridge might be perpetually enjoined from its collection.

Upon the filing of the bill an interlocutory injunction was allowed.   An answer by Wooldridge, but not by either the attorney or marshal, and replication to the answer were afterwards filed and testimony was taken.   On 1st December, 1874, Wooldridge moved to dissolve the injunction upon bill and answer filed, and on the same day the following order was made in the cause:

" This cause coming on to be heard upon the bill and answer filed, and the motion of the defendants to *dissolve the injunction* heretofore granted herein, and after hearing the argument of counsel, and being fully advised of and concerning the matters and things in the pleadings mentioned, the court doth order, adjudge, and decree, *that the said injunction be, and is hereby dissolved,* and that the complainants pay the costs of this proceeding."

Upon the petition of the complainants an appeal from this order was allowed on the 28th December, 1874, " to *supersede the order of dissolution and reinstate the injunction."* Bond was filed on the same day to perfect the appeal.

This appeal having been allowed during the present term of this court, the appellants had by the general practice of the court until the next term to file the record here.   Not waiting for the appellants to file the record, the appellee caused it to be done on the 9th February, 1875, and on the same day filed this motion to dismiss the appeal, on the ground that the order appealed from was not a final decree. On the 25th February the appellants were served, at Vicksburg, Mississippi, with notice for the hearing of the motion on the 22d of March, but the notice was not accompanied

by a copy of the brief or argument to be submitted.   The record had been printed.

An amendment to Rule 6, adopted at the December Term, 1871, orders that—

"All motions to dismiss appeals and writs of error (except motions to docket and dismiss under the ninth rule), must be submitted in the first instance in printed briefs or arguments. If the court desires further argument on the subject, it will be ordered in connection with the hearing on the merits.

"The party moving to dismiss shall serve notice of the motion, with a copy of his brief or argument, on the counsel for the plaintiff in error or appellant, of record, at least three weeks before the time for submitting the motion," &c.

However, in the present case, the appellants, before the day fixed for the hearing of the motion, filed a brief of six pages, going into the merits of the motion.

*The record had been printed.*

*Mr. Joseph Casey, in support of the motion:*

The decree below is not the subject of an appeal.

This court has decided, in *Moses* v. *The Mayor,* and previously, that an appeal does not lie from an interlocutory decree dissolving an injunction,* or refusing one.†

In *Thompson* v. *Dean,*‡ it is held that no decree is final which does not dispose of the whole case.

*Mr. A. P. Pittman, contra:*

This motion is made on the sole ground that there was no such final judgment in the court below as to sanction an appeal here.   But—

1. Will this court entertain the motion at all before the

---

* Young *v.* Grundy, 6 Cranch, 51; Moses *v.* The Mayor, 15 Wallace, 387.

† Gibbons *v.* Ogden, 6 Wheaton, 448; United States *v.* Clarke, 9 Peters, 168.

‡ 7 Wallace, 342; and see Railroad *v.* Bradleys, Ib. 577; Stovall *v.* Bank, 10 Id. 583; Wells *v.* McGregor, 13 Id. 188; Insurance Co. *v.* Barton, Ib. 603; St. Clair Co. *v.* Lovingston, 18 Id. 628.

return day of the record? Certainly its general practice is not to entertain motions to dismiss before such time.

2. If it will thus entertain the motion, is service of a copy of the motion, unaccompanied by any brief or argument, upon the attorney of record in the Circuit Court, sufficient notice under the sixth rule, and the amendments to it made at December Term, 1871?

3. A reference to the notice served will show that all the parties defendant to the case in the lower court are not parties to this proceeding to dismiss. The marshal and attorney have received no notice, though they were parties defendant to the bill. The notice of the present motion was given to Wooldridge alone. Is it not necessary that the former two parties should join in this motion, equally so as if they prayed an appeal or writ of error?*

4. Finally, and as to the main point. Was not the decree of the court below, dissolving the injunction, such a judgment as could be appealed from to this court?

Where injunction is the sole equity of the bill and the only relief sought, an order of dissolution is such a final order as can be appealed from. This is the view taken by the Supreme Court of Illinois.†

And this court have indicated a similar view.‡

If *Moses* v. *The Mayor*,§ have a contrary aspect, that case is distinguishable from this one. That case was an appeal from the judgment of a State Supreme Court revising and remanding the cause to the inferior State court. This is an appeal from a decree of the Circuit Court finally disposing of the merits of controversy. The motion to dissolve was upon an answer which raised only a question of law. Nothing thus remained to be done except formally to dismiss the case for want of equity.

---

* Williams *v.* Bank of the United States, 11 Wheaton, 414.

† Titus *v.* Mabee, 25 Illinois, 257.

‡ Thompson *v.* Dean, 7 Wallace, 342; Railroad Co. *v.* Bradley, Ib. 575; Stoval *v.* Bank, 10 Id. 583.

§ 15 Wallace, 387.

The CHIEF JUSTICE delivered the opinion of the court.

It is first objected that this motion cannot be entertained now because the appellants had until the next term to file the record. In *Ex parte Russell*,[*] we decided that " unless some unforeseen inconvenience should arise from the practice, we would not refuse to hear a motion to dismiss before the term in which, in regular order, the record ought to be' returned," if the record was actually brought here and printed. We think now, as we did then, that such a practice will " be likely to prevent great delays and expense and further the ends of justice."

It is next objected that the notice of the motion is insufficient, because it was not accompanied by a copy of the brief or argument to be used in its support, as required by the amendment to Rule 6, adopted at the December Term, 1871. This might have been a good cause for postponing the hearing to give time for further preparation, if application therefor had been made. Instead of that a full argument has been filed upon the merits of the motion. No more could be done if the hearing should be now postponed. Under these circumstances we are inclined to treat the filing of the argument as a waiver of the notice required by the rule.

It is next objected that all the parties defendant in the lower court are not parties to this motion to dismiss. The motion is made by the appellees and is signed by the attorney of the only defendant in the court below who had any real interest in the litigation, and the only one who filed an answer.

This brings us to the merits of the motion. We have many times decided that an appeal will not lie from a decree dissolving an injunction without dismissing the bill.[†]

In this case the bill was not dismissed. It may have been the intention of the court to dispose of the whole case by the

---

[*] 13 Wallace, 671.

[†] Young *v.* Grundy, 6 Cranch, 51; McCollum *v.* Eager, 2 Howard, 61; Hiriart *v.* Ballon, 9 Peters, 167; Moses *v.* The Mayor, 15 Wallace, 390.

entry as made, but that intention is certainly not expressed. A motion was made to dissolve the injunction upon the bill and answer filed. It does not appear that the case was heard except upon this motion, and there is nothing in the record to show that it will not be still within the power of the Circuit Court upon the dismissal of the appeal to grant the complainants all the relief they ask. The case is still open on its merits. It is only the interlocutory order that has been disposed of.

APPEAL DISMISSED.