Cohn v. Lehman.

COHN, *Appellant*, v. LEHMAN *et al.*

1. **Pleading** : PRACTICE : ABATEMENT. The statute contemplates but one answer, which is to contain whatever defence or defences the defendant may have, and matter in abatement is as much a defence as matter in bar. A plea to the merits does not waive dilatory pleas. (*Disapproving Moody v. Deutsch*, 85 Mo. 237).

2. —— : ——. Traverses and pleas in confession and avoidance may be united when not inconsistent. Defences are inconsistent only when one in fact contradicts the other.

3. **Practice** : SUIT ON INJUNCTION BOND. An action on an injunction bond cannot be maintained before final decree is rendered in the cause in which such bond was given.

Cohn v. Lehman.

4. ——— : ———. An action on an injunction bond, instituted pend-
ing a valid appeal to the Supreme Court of the United States from
a final decree of the district court dismissing plaintiff's bill, can-
not be maintained, although the appeal was taken without a
supersedeas. The operation of the final decree of the district
court is suspended by the appeal.

*Appeal from St. Louis City Circuit Court.*—HON. W.
H. HORNER, Judge.

AFFIRMED.

*Noble & Orrick* and *George R. Lockwood* for appel-
lant.

(1) The plea is not a good defence in form or sub-
stance. *St. Louis Gas Light Co. v. City of St. Louis*,
11 Mo. App. 55 ; affirmed, 84 Mo. 202 ; *Moody v. Deutsch*,
85 Mo. 237. (2) The plea is bad, in that it avers no facts
to show that upon appeal a supersedeas was effected
under United States statutes. R. S. U. S., secs. 1000,
1007; 18 U. S. Stat. at Large, 318; U. S. Rules in
Equity, No. 93 ; *Adams v. Low*, 16 How. [U. S.] 144 ;
*Sage v. Railroad*, 93 U. S. 417 ; *Hogan v. Ross*, 11
Howard [U. S.] 297 ; *Railroad v. Harris*, 7 Wall. [U. S.]
574 ; *State ex rel. v. Lewis*, 76 Mo. 370 ; *State ex rel. v.
Vogel*, 6 Mo. App. 526. (3) The appeal, as averred,
does not, in any wise, suspend the right of plaintiff in
this action to sue upon and enforce his bond as made.
An appeal, without statutory supersedeas, does not pre-
vent the enforcement of the decree, or any security
auxiliary to it. *Stafford v. Bank*, 16 How. [U. S.] 135 ;
*Orchard v. Hughes*, 1 Wall. [U. S.] 73 ; *Canal Co. v.
Gordon*, 2 Abb. [U. S.] 479 ; *Souter v. Railroad*, Wool-
worth [Cir. Ct.] 80 ; *Farmers, etc., Co. v. Railroad*, 4
Dillon [Cir. Ct.] 546 ; *Woodbury v. Bowman*, 13 Cal.
634 ; *Flagg v. Walker*, 113 U. S. 659. "Neither an in-
junction nor a decree dissolving an injunction, is reversed
or nullified by an appeal or writ of error before the cause

is heard in the Supreme Court." *Leonard v. Ozark Land Co.*, 115 U. S. 465; *Slaughter House Cases*, 10 Wallace, 273–297; *Hovey v. McDonald*, 109 U. S. 150–161. (4) The petition avers a dissolution of injunction, as to plaintiff, long before the final decree or appeal. There was no appeal possible from this order dissolving the injunction. *Young v. Grundy*, 6 Cranch, 51; *Thomas v. Wooldridge*, 23 Wall. 283. The cause of action accrued upon this order, and the statute of limitations began to run. *Anderson v. Coleman*, 56 Cal. 124. The bond cannot be defeated by an ordinary appeal without supersedeas. *Sage v. Railroad*, 93 U. S. 417. (5) The decisions of the state courts, as to their own practice, cannot affect the operation of the statutes of the United States, or the practice and rules thereunder.

*Madill & Ralston* for respondent, Joseph Wolf.

(1) The plea is good as a plea in abatement, or in suspension. of the action, both in form and substance. Stephens on Pleading [Heard's Ed.] 46, 47, 51, 138, 198, *et seq.;* R. S., secs. 3516, 3524, 3572; *May v. Burk*, 80 Mo. 675. Under our statutes, a defendant may join in his answer a defence on the merits and a plea in abatement or suspension of the action. *Little v. Harrington*, 71 Mo. 390; *Byler v. Jones*, 79 Mo. 261; *Young Men's Christian Association v. Dubach*, 82 Mo. 475. (2) The terms of the injunction bond sued on contemplate a final decision of the case before any rights or liabilities can be asserted or enforced under it, and the pendency of the appeal constitutes a good plea in abatement or suspension of the present action. No action at law can be maintained on any bond or undertaking given for an injunction, until the action in which the injunction is issued is finally and absolutely ended and disposed of by a final decree or judgment. Hilliard on Injunctions, [3 Ed.] sec. 27, p. 84; 2 High on Inj. [2 Ed.] sec. 1649, p. 1040; Murfree on Official Bonds [1885] sec. 391, p. 281;

*Bemis v. Gannett*, 8 Neb. 236; *Gray v. Viers*, 33 Md. 159; *Penny v. Holdberg*, 53 Miss. 567; *Goodbar v. Dunn*, 61 Miss. 624; *Bently v. Joslin*, Hempstead (Cir. Ct.) 218; *Clark v. Clayton*, 61 Cal. 634; *Thompson v. McNair*, 64 N. C. 448; *Weeks v. Southwick*, 12 How. Pr. 170; *Brown v. Galena Mining Co.*, 32 Kan. 528; *White v. Clay's Ex'rs*, 7 Leigh, 68; *Guilford v. Cornell*, 4 Abb. Pr. 220. (a) And the same rule applies in the (nearly) analogous case of suit on an attachment bond. Drake on Attachment [6 Ed.] sec. 162a, p. 144, and sec. 152, p. 138; *Nolle v. Thompson*, 3 Metc. [Ky.] 121; *State v. Williams*, 48 Mo. 210; *Spring v. Besore*, 12 B. Mon. 533; *Ball v. Gardner*, 21 Wend. 270; *Bennett v. Brown*, 20 N. Y. 99; *Robinson v. Plimpton*, 25 N. Y. 486; Murfree on Official Bonds, sec. 379, p. 270. (b) As to the power of courts to control and relieve from the express terms of injunction and appeal bonds, see *Russell v. Farley*, 105 U. S. 433; *Kountze v. Hotel Co.*, 17 Otto, 378. (3) The whole case, and every matter, order, and thing in controversy in it, is taken to the Supreme Court of the United States for final decision. *Forgay v. Conrad*, 6 How. [U. S.] 201; *Perkins v. Fourniquet*, 6 How. [U. S.] 207. (a) The statute of limitations does not begin to run against actions on injunction bonds until after a final decree is rendered, and where the cause is appealed, affirmed on appeal. Murfree on Official Bonds, sec. 392, p. 281, citing *Pickett v. Boyd*, 11 Lea [Tenn.] 498; also authorities cited under last point. (b) And this rule applies to all cases where the plaintiff's right to sue depends upon, or is limited after, a judgment or decree. *Lesem v. Neal*, 53 Mo. 412; *Chouteau v. Rowse*, 15 Mo. App. 594, construing R. S., sec. 3239.

BRACE, J.—This suit was instituted in the circuit court of the city of St. Louis to recover twenty-five thou-

sand dollars, the penalty in an injunction bond alleged to have been executed by defendants in an equity suit commenced in the United States district court for the western district of Arkansas, wherein Frederick Kraemer, assignee of Isaac Cohn, bankrupt, was plaintiff, and Isaac Cohn and Mark S. Cohn, plaintiff herein, were defendants. Joseph Wolf was the only defendant served. The condition of said bond, as set out in the petition, is as follows : " That, whereas the said Frederick Kraemer, as assignee of Isaac Cohn, a bankrupt, had sued out and procured a restraining order in the above entitled cause against said defendants. Now if the said restraining order or any part thereof, at the final hearing of such cause, should be set aside, or discharged, or in the event that said injunction should be dissolved, at any time prior to the final hearing of said cause, then they (the defendants in this present cause) undertake to pay said Isaac Cohn and M. S. Cohn, or either of them, such damages as they or either of them might sustain in consequence of said restraining order, to the extent that the same might be discharged as aforesaid."

A breach of the condition of said bond is assigned as follows : " And the plaintiff, assigning a breach on said writing obligatory by defendants, executed and filed as aforesaid, in said cause, says, that the defendants and each of them hath not performed the conditions of said writing obligatory, in this : That, afterwards, to-wit, in the said district court of the United States for the western district of Arkansas, in said cause, wherein Frederick Kraemer, as assignee in bankruptcy of said Isaac Cohn, bankrupt, was complainant, and said Isaac Cohn, and M. S. Cohn, here plaintiff, were defendants, and being the same cause wherein said restraining order and injunction hereinbefore mentioned were obtained, and said writing obligatory executed by defendants was filed, was, by the

order of said court, *on motion of said defendants, and on the twenty-fifth day of November, A. D., 1879*, dissolved at the cost of the complainant, and it was further ordered that said Daniel P. Upham, receiver, appointed as aforesaid, surrender and turn over to said defendant, M. S. Cohn, here plaintiff, his solicitors and agents, the goods, wares, and merchandise, and other property of every nature and description, which were at the business-house claimed by said M. S. Cohn, on Garrison avenue, at the time of the service of the injunction aforesaid, and embraced in said order; and said receiver, upon filing of his report of what he might have done, under the order theretofore made therein, together with the receipt of said defendant, M. S. Cohn, here plaintiff, his solicitors of record or agents, should be discharged from his receivership; *and such proceedings were in said cause further had*, that an amended bill having therein been filed by the said Frederick Kraemer, as assignee, as aforesaid, against the defendants therein named, Isaac Cohn, and M. S. Cohn, here plaintiff, said bill therein was, as to plaintiff herein, M. S. Cohn, dismissed with costs, May 8, 1882, at the May term of said district court of the United States; and such proceedings were further had therein, at the May term, 1883, that on June 7, 1883, *on rehearing*, the said bill was dismissed also as to said Isaac Cohn; and the plaintiff saith the defendants, or either of them, hath not paid, though often requested, such damages as said M. S. Cohn, here plaintiff, did sustain in consequence of said *restraining order*, to the extent that the same was discharged, as aforesaid; that this plaintiff, there defendant, was greatly wronged and damaged in and by the said proceedings had in said cause in the United States district court, in obtaining said injunction and restraining order, and the enforcement against him in that," etc., setting forth many and specific allegations of damage to plaintiff's business, profits, credit, etc. "Where-

fore plaintiff prays judgment against defendants for the amount of said bond, the sum of twenty-five thousand ($25,000) dollars, with interest and costs."

The defendant, Wolf, in his answer to the petition, denies the execution of the bond, the condition as set out in the petition, the breach assigned, and all damages, and after admitting the institution of said suit, the appointment of a receiver, and other proceedings therein, then proceeds to make the following admission and to set up the following defence to plaintiff's cause of action : "*Admits* that such proceedings were had in such cause that an amended bill was filed therein by the plaintiff, Frederick Kraemer, as assignee aforesaid, against the defendants therein named, Isaac Cohn and M. S. Cohn, and that said bill was dismissed as to both the defendants therein, as in the petition alleged, but *avers* that said dismissal was had only after a full and final hearing on the bill, and the separate answers thereto of the respective defendants, and the proofs of the respective parties. And this defendant, further answering said petition, avers that the title and style of the suit described in the petition, and brought in (the) district court of the United States for the western district of Arkansas was, and is, Frederick Kraemer, assignee in bankruptcy of the estate of Isaac Cohn, bankrupt, complainant, v. Isaac Cohn and M. S. Cohn, defendants ; that said suit was a suit in equity, and was begun by a bill filed in said district court on the seventh day of October, 1879, and that an amended bill was filed therein on the twenty-ninth day of November, 1879 ; that the plaintiff in this action was one of the defendants in said suit; that the defendants in said suit filed separate answers therein, and the said cause was tried on the pleadings and proofs submitted by the respective parties, the said court having jurisdiction of both the parties therein and the subject-matter thereof ; that a final decree and judgment, dismissing said bill as

to both of the defendants therein, was entered in said cause on or about the —— day of June, 1882, and the complainant in said cause thereupon, *and in due time*, filed his bill of exceptions, *in due form*, containing all the evidence in the cause, *which bill of exceptions was duly allowed and sealed*, and prayed an appeal from said final decree and judgment to the Supreme Court of the United States, which appeal was, *in conformity with the practice of said court and the law governing the matter, and in due time, allowed and duly perfected*, and said cause is now, and was, prior to the institution of this action in this court, pending on appeal in the Supreme Court of the United States, *which last-named court has full and complete jurisdiction thereof, and will proceed, in due time, to hear and determine said cause on its merits, and affirm or reverse the judgment of the court below, according to the facts preserved in the bill of exceptions and the law applicable thereto.* And this defendant avers that by said appeal, so made and perfected as aforesaid, and now pending in said Supreme Court, undetermined, the said decree and judgment and all orders made by said United States district court for the western district of Arkansas were and are superseded, by reason whereof the said plaintiff cannot have or maintain this action against this defendant."

The answer then prays that this defendant be hence dismissed with his costs. Plaintiff filed a motion to strike out the above plea, on the ground that the same was irrelevant, immaterial, and redundant, which motion was by the court overruled. Plaintiff then demurred to said plea, and his demurrer being overruled, and he declining to plead further, judgment was entered for defendant, Wolf, and plaintiff appeals.

The only question before us for determination is the sufficiency of defendant's plea as a defence to the cause of action set up in the petition. The plea is character-

ized as a plea in abatement in briefs of counsel, and, from the form of judgment, seems to have been so treated by the court below, and it is suggested by counsel for appellant that such a plea is waived by a plea to the merits. In *Little v. Harrington*, 71 Mo. 391, it was held that the statute contemplated but one answer, "and this to contain whatever defense or defenses the defendant may have, thus dispensing with the common-law rule that a plea in bar waives all dilatory pleas;" and the rule laid down in Bliss on Code Pleadings, section 345, that, "matter in abatement is as much a defense to the pending action as matter in bar," was approved. This ruling was sustained in *Byler v. Jones*, 79 Mo. 61, and approved in *Young Men's Christian Association v. Dubach*, 82 Mo. 475, and may now be considered the settled doctrine of this court as it is of the courts of New York, whence came our code of pleadings and practice, though in earlier cases in both states the courts for a time adhered to the common-law rule after the adoption of the code; in so far as the *dictum* in *Moody v. Deutsch*, 85 Mo. 237, seems to countenance a departure from the ruling in *Little v. Harrington*, *supra*, it is disapproved.

While, generally, it may, perhaps, no longer be a matter of great importance whether a plea be called a plea in abatement or in bar, except in attachment, yet in this case it is important that the plea in question should be correctly classified in order to properly appreciate its merit as a defence to plaintiff's cause of action, and for this purpose it must be determined to be a plea in bar. It goes neither to the jurisdiction of the court, the competency of the parties as suitors, the sufficiency of the writ, nor is it a plea of *lis pendens*, between the same parties to the same cause of action in another tribunal. It impugns plaintiff's right of action altogether, instead of merely tending to divert the proceedings to another jurisdiction, or suspend them, or

abate the particular writ or declaration. Stephens on Pleading [9 Ed.] p. 51. As such a plea it is doubtless obnoxious to the criticism that it fails to confess plaintiff's cause of action, which it seeks to avoid by the new matter set up in the plea, but it may be also considered well-settled doctrine in this state that traverses and answers in avoidance may go together when not inconsistent, and the rule assumes "that defenses are inconsistent only when one in fact contradicts the other, and has nothing to do with a seeming and logical inconsistency that arises merely from a denial and a plea in confession and avoidance." Bliss on Code Pleading, sec. 343 ; *Nelson v. Brodhack*, 44 Mo. 598 ; *Mc-Adow v. Ross*, 53 Mo. 199 ; *State ex rel. v. Rogers*, 79 Mo. 283 ; *Ledbetter v. Ledbetter*, 88 Mo. 60.

The plea in this case is of that character, and in effect says, in answer to the petition, that, notwithstanding the statements therein may be true, yet, by reason of the facts stated in the plea, the defendant is not liable, and construed most strongly against the pleader, in substance says to the plaintiff, conceding all you claim in the petition to be true ; that in the equity proceeding in the United States district court, on motion of the defendants, the injunction was dissolved on the twenty-fifth day of November, 1879, and that, afterwards, such proceedings were had in said cause that an amended bill having been filed therein by said Frederick Kraemer, plaintiff, against said defendants, said bill was thereafter dismissed against both of said defendants by the court upon the hearing, yet the plaintiff therein, having in due form of law saved his exceptions to the rulings of said court, and preserved the evidence in his bill of exceptions in due form allowed and sealed, in conformity with the practice of the Supreme Court of the United States, and the law governing the matter, and in due time, was allowed an appeal from the final decree and judgment of said district court to said Su-

preme Court, which appeal was in due time perfected and said cause is now pending on appeal in said Supreme Court. The demurrer confessed these facts to be true; did they constitute a defence to plaintiff's cause of action, is the question for solution.

The dissolution of a temporary injunction on the coming in of the answer, or on motion before final hearing, is necessarily provisional in its character, and can in no sense be considered a final disposition of the injunction, as upon the final hearing it [may be reinstated and made perpetual, or the bill may be dismissed, in which case, where the statute authorizes it, damages may be assessed upon the bond, and in such cases, as also where there is no such statutory authority, a right of action accrues on the bond for damages. This right of action on the bond cannot accrue until there has been a final decree in the cause in which the bond is given; the order dissolving an injunction before final hearing is interlocutory merely, from which no appeal would lie. *Thomas v. Wooldridge*, 23 Wall. 283 ; *Young v. Grundy*, 6 Cranch, 51 ; *Moses v. The Mayor*, 15 Wall. 387. And we have not been cited to, nor have we found, a well-considered case in which it has been held that an action on an injunction bond could be maintained before final decree in the cause in which such bond was given. The authorities are all the other way. 2 High on Injunctions, sec. 1649 ; *Gray v. Viers*, 33 Md. 159 ; *Penney v. Holdberg*, 53 Miss. 567 ; Murfree on Official Bonds, p. 393, secs. 391, 392 ; *Bemis v. Gannett*, 8 Neb. 236 ; *Bentley v. Joslin*, 1 Hempstead [U. S. C. C.] 218 ; *Clark v. Clayton*, 61 Cal. 634 ; *Weeks v. Southwick*, 12 How. Pr. 170 ; *Brown v. Mining & Smelting Co.*, 32 Kan. 528.

It follows in this case, then, that, although the injunction was dissolved in the district court before final hearing, yet no right of action accrued on the bond, or could accrue, until a final decree had been rendered in the cause in which such bond was given. A final decree

was rendered in said district court in said cause, dismissing plaintiff's bill, but by the appeal to the Supreme Court, such decree, as well as the whole cause, was removed to the Supreme Court for review, and its operation as a final decree was suspended, and so remained suspended at the time of the institution of this suit, and by the action of the Supreme Court, whenever action shall be taken on such appeal, the decree of said district court may be reversed, the plaintiff's bill be reinstated, the order dissolving the injunction set aside, and a perpetual injunction granted, and a breach of the condition of the bond become impossible. If, therefore, a valid appeal has been taken to the Supreme Court of the United States in said equity suit, and such appeal was pending in said court at the time this suit was instituted, plaintiff had no cause of action on the bond.

It is contended, however, that the appeal pleaded did not suspend the final decree, or the order of said district court dissolving the injunction, for the reason that no bond was given as required by statute. It is difficult to perceive how that fact is to be discovered on the face of this plea. It is averred in the plea "that said appeal was, in conformity with the practice of said Supreme Court of the United States, and the law governing the matter, in due time allowed, and duly perfected, and said cause is now, and was, prior to the institution of this action in this court, pending on appeal in the Supreme Court of the United States." And as no appeal could have been allowed and perfected as averred, unless the appellant had given security to prosecute his appeal to effect, and if he fail to make his plea good, to answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only, where it is not a supersedeas as aforesaid (R. S. U. S., sec. 1000), it follows that such an appeal as is averred in the plea could not have been perfected without at least a bond for costs, and that such a bond was

given is necessarily implied in the averment made, but it must be conceded that it is not necessarily implied by the terms used in the plea that such a bond was given as would operate as a supersedeas, and stay execution, and defendant must be held not to have pleaded an appeal that would operate as a supersedeas so as to stay the issue and service of any execution warranted by the decree. We do not see, however, how this affects the question at issue. The statutory supersedeas operates only on the process of the court, it stays execution, and that is its only office ; in all other respects the appeal is as operative without, as with, supersedeas. Rights which do not depend upon the execution of the decree, but which depend alone upon the final determination of the issues in the suit, are left in the same condition by an appeal without, as with, supersedeas, and, as we have seen, the right of plaintiff to sue in this case is dependent upon the final determination of the suit in which the bond was given. That right is as well suspended by an appeal without supersedeas, as it would have been by an appeal with supersedeas. Whether he ever will have a right of action at all upon the bond yet remains to be determined by an event which has not yet happened, that is, the nature of the judgment that will be rendered by the Supreme Court of the United States in the suit in which said bond was given, and which is pending in said court.

The plea was a good defence to the cause of action set up in the petition, and there was no error in overruling the demurrer and entering judgment for the defendant, and the same is affirmed. All concur.