# Trump v. McDonnell.

*Bill in Equity to protect and establish a Private Right of Way.*

1. *Appealable decree; what is final and interlocutory; jurisdictional fact.*—Whether a decree, either final or interlocutory, is such as will support an appeal, is a jurisdictional fact, and consent will not confer jurisdiction to entertain it; and an order or decree merely dissolving a provisional injunction issued when the suit was commenced, reserving all other questions until the next term of the court, though expressing the opinion that complainant is not entitled to relief, is not final, and the appellate court will not review the merits of the controversy upon an appeal from such decree.

2. *Interlocutory decree, dissolving injunction; right of appeal.*—When a cause is submitted for final decree upon pleadings and proof and the court renders a decree simply dissolving a provisional injunction, reserving all other questions until the next term, this is an interlocutory order within the meaning of section 3613 of the Code of 1886, from which an appeal lies. (BRICKELL, C. J., and HEAD, J., dissenting.)

3. *Dissolution of injunction on submission upon the merits without final decree; evidence not considered on appeal.*—Where a cause in which a temporary injunction has been granted is submitted for final decree upon the pleadings and proof, it is irregular and improper practice to dissolve the preliminary injunction without rendering a final decree, especially when there is no motion to dissolve for want of equity in the bill or upon the denials of the answer; and on appeal from such interlocutory order, the appellate court, in reviewing the order dissolving the injunction, will not consider the evidence, but will treat the cause as if the injunction had been dissolved, on motion based upon the want of equity in the bill or on the sworn denials of the answer.

4. *Bill for injunction; error to dissolve temporary injunction, when answers fail to deny one material allegation.*—Where a bill for an injunction contains equity and the answer does not deny on oath one of its material allegations, it is error to dissolve the preliminary injunction issued when the bill was filed.

5. *Same; same; case at bar.*—Where a bill to enjoin the obstruction of an alleged private way or easement, with its amendments, contains equity, and all the material allegations both of the bill and its amendments are denied by answers under oath, except the allegation of adverse user of the way for ten years, which was set up by the last amendment, and the answer to this last amendment was not sworn to, it is error to dissolve the temporary injunction, granted when the bill was filed, before a final decree on the merits of the case.

[Trump v. McDonnell.]

APPEAL from the Chancery Court of Madison.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant, Eugene Trump, against Archie McDonnell, Jr., the appellee.

The purpose of the bill, and the facts necessary for an understanding of the opinion on the present appeal are sufficiently stated in the opinion.

Upon the submission of the cause, the chancellor rendered the following decree: "This cause coming on to be heard was submitted in term time on the pleadings and the evidence, and was argued by counsel; and the evidence being voluminous, the court held up the case for examination and decree in vacation; and having examined the case with great care, the court is of the opinion that the complainant is not entitled to relief. It is ordered, adjudged and decreed that the temporary injunction heretofore granted be and the same is dissolved. All other orders and decrees are reserved until the next term of the court. The objections to the testimony are not passed upon, but the court only regards that which is legal. If the complainant desires to appeal from this decree and reinstate the injunction, the amount of the bond is set at five hundred dollars, conditioned to prosecute the appeal to effect and to pay the defendant such damages as he may sustain if the Supreme Court should decide adverse to him on said appeal. Upon execution of said bond with sureties to be approved by the register, then the injunction will be re-instated, to await the decision of the Supreme Court." From this decree the present appeal is taken by the complainant, who assigns as error the rendition of said decree.

SHELBY & PLEASANTS and HUMES, SHEFFEY & SPEAKE, for appellant.

TANCRED BETTS and R. W. WALKER, contra.

HEAD, J.—The purpose of the bill was to protect and establish an alleged private right of way, which the appellant claims over the land of the appellee, and which leads from appellant's house to the Triana pike, a public road in the vicinity. The bill alleged that the appellee was about to obstruct the way, by building a fence across it; and a preliminary injunction was sought and ob-

tained at the institution of the suit, restraining such obstruction. The bill also prayed that the injunction be made perpetual and for general relief. The case was put at issue by answer, testimony was taken, and the cause duly submitted for final decree. The question chiefly litigated was whether, upon the facts, the user of said road over defendant's land, by the complainant and those under whom he claims, was merely permissive, or whether an easement had been acquired by its adverse enjoyment, coupled with the required conditions, for the period of ten years, which is adopted by analogy to the statute of limitations, barring actions for the possession of land, in this State as a sufficiently long time to create a prescription or presumptive grant.—*Nininger v. Norwood*, 72 Ala. 277 ; *Wright v. Moore*, 38 Ala. 596 ; *Stein v. Burden*, 24 Ala. 130 ; Washburn's Easements and Servitudes, (4th ed.), top p. 148 ; 19 Am. & Eng. Encyc. of Law, p. 11. The chancellor was of opinion the complainant was not entitled to relief and entered decree, which the reporter will set out in full.

1. It is settled by an unbroken line of decisions in this court in harmony with the rule existing generally, that the existence in the record of a final or an appealable interlocutory decree is a jurisdictional fact, without which an appeal can not be entertained even by consent of parties. We, therefore, feel bound to take notice, upon our own motion of the character of the decree of the chancery court, although counsel on both sides have argued the case as if the appeal were prosecuted from a final decree, opening the whole controversy to investigation and settlement here. The fact is that although the chancellor expressed the *opinion* that the complainant is not entitled to relief, the ordering part of the decree, that which seems to determine its character does no more than dissolve the temporary injunction. All other orders and decrees are expressly reserved until the next term of the court. That an order or decree merely dissolving a provisional injunction, without otherwise disposing of the case, is not final—that it does not settle the equities—is too well established by the authorities to be open to debate.—*Glover v. Robinson*, Minor, 101 ; *Thomas v. Woolridge*, 23 Wall. 283 ; *Moses v. Mayor &c. of Mobile*, 15 Wall. 387. The case of *Bartram v. Sherman*, 65 N. W. Rep. (Neb.), 789, is identical with

this upon the point under examination. There a road overseer was enjoined from interfering with certain fences, which the plaintiffs alleged stood upon their land, and which he was threatening to tear down, claiming they obstructed a highway. An answer was filed and the case heard on oral evidence. After hearing, a decree was entered, ordering simply that the injunction theretofore granted be dismissed. Upon appeal the court said : "This decree of the district court is not such a final order or judgment as disposes of the merits of the case, and invests this court with jurisdiction to review it. By the decree of the district court the action brought by the appellants was not dismissed; but only the temporary order of injunction, granted on the filing of the petition, was dissolved." No final decree having been rendered by the chancery court of Madison county, a decision by this court, upon the evidence would be premature. If we should arrive at the conclusion that the complainant is entitled to relief, we could not award that relief. Therefore, any opinion we might now express would be merely advisory, and when the cause goes again before the chancellor, he would be at liberty to render a decree, in accordance with the opinion he may then entertain.—*Vice v. Littlejohn*, 109 Ala. 294.

2. The Chief Justice and the writer are of opinion that section 3613 of the Code, which authorizes an appeal within thirty days from an interlocutory order dissolving an injunction, was not intended to apply to a case of this character, and that the appeal ought to be dismissed ; but the other members of the court hold that the section named does apply, and that, in consequence, we have jurisdiction to review the order dissolving the injunction. We are all of opinion, however, that it is irregular and improper in practice, when a cause, in which a temporary injunction has been granted, is submitted for final decree on the merits upon pleadings and proof, to make an order dissolving the injunction, without rendering a final decree on the merits, particularly when, as in the present case, there was no motion to dissolve it for the want of equity in the bill or upon the denials of the answer—the only grounds upon which a temporary injunction can ever be properly dissolved in advance of a final decree in the cause. We are of opinion, also, that in reviewing an interlocutory order dissolving an

injunction, made under the circumstances of this case, we can not consider the evidence to determine whether the order was erroneous and reversible or not, for that would be to determine, so far as the injunction is concerned, the merits of the controversy in advance of any final, appealable decree on the merits by the chancellor. We can only review the order as we would do if it had been made upon motion based upon the want of equity in the bill, or the sworn denials of the answer.

We have examined the bill and amendments, and, taken together, they clearly contain equity. All the *material* allegations are denied by answer under oath, except the allegation of adverse user of the way for ten years, set up in the last amendment, and not included in the original bill nor first amendment thereto, which were answered under oath. The answer to the last amendment was not sworn to. In this state of the record, we are compelled to reverse the interlocutory order of the chancellor, and remand the cause for further proceedings.

Reversed and remanded.