# *Ex parte* John A. Campbell *et al.*

## *Petition for Mandamus.*

1. *Chancery practice; where chancellor should pass upon motions made in pending cause; mandamus.*—Where a bill praying an injunction is filed in the chancery court and a temporary injunction is issued, upon the respondent making a motion to dismiss the bill for the want of equity, and another motion to dissolve the injunction because the bill is wanting in equity, and the case is properly submitted to the chancellor on these motions, the chancellor is then without discretion in the premises, but must pass upon the motions on which the cause is submitted; and upon his failure to do so can be compelled thereto by *mandamus*.

The county of Shelby, under authority given it by statute to sue and be sued, filed its sworn bill in the chancery court of Shelby county, Alabama, in which it was alleged that John A. Campbell, Thomas C. McKibbon and Henry C. Moss, under a pretended act of the General Assembly of Alabama, alleged in said bill to be null and void, and which pretended act attempted to constitute said respondents a board of court house commissioners, who were about to sell $30,000 of negotiable bonds in the name of and purporting to be binding and legal obligations of complainant, were about to tear down the court house in said county, and do all other matters and things enjoined upon them or permitted them to do, under the provisions of the said invalid act

of the legislature. An injunction was prayed for to restrain the respondents from doing the threatened acts. Hon. G. K. Miller, as judge of the city court of Talladega, made an order under said bill, and, in accordance with its prayer for a preliminary writ of injunction restraining the said respondents from doing such things, upon the execution by complainant of an injunction bond in the sum of $500. The injunction bond was made as provided in the order, writs of injunction issued and were served upon the respondents. Respondents thereupon moved to dismiss the bill for want of equity, and also moved to dissolve and discharge the injunction, without answer, and on the ground that the bill was wanting in equity. These motions were set down to be heard before the chancellor in chancery at Anniston, on the 8th day of May, 1901. On the 22d day of May, 1901, the chancellor rendered a decree, which reads as follows: "This cause was submitted in vacation on motion of the defendants to dismiss the bill for want of equity, and to dissolve the injunction for want of equity in the bill. On the hearing of said motions both complainant and respondent appeared by solicitors. Upon consideration it seems to the court that said bill is without equity, but that the ends of justice will be best subserved by allowing complainant to amend its bill, and retaining said injunction until complainant shall have had an opportunity of so doing. It is therefore ordered and decreed that complainant have leave to amend its bill within fifteen days from the enrollment of this decree, so as to give it equity, and if it fails to amend said bill in said fifteen days from the enrollment of this decree, then said bill may be dismissed for the want of equity, and said injunction be dissolved; and respondents have leave to renew said motions to dismiss said bill and to dissolve said injunction after complainant shall have amended said bill, or in case complainant fails or refuses to amend its bill as hereinbefore authorized, and the further hearing of this case is postponed until June 15, 1901, on which date the register will return said file to me." The respondents now ask this court in substance to order the chancellor to vacate this decree and to ren-

der a different one in conformity to what the respond-ent thinks the chancellor should have done in the premises. Thereupon the respondents filed their petition in this court asking for a writ of *mandamus*, directed to the chancellor compelling him to pass upon and decide each of the motions filed by the respondent.

MARTIN & BOULDIN, for petitioners.—If a bill is wanting in equity, a motion to dissolve a temporary injunction should be sustained, whether its allegations are admitted or denied by the answer.—3 Brick. Dig. 353, § 296. "Although the motion to dissolve is submitted in vacation, it should be sustained if the bill is wanting in equity."—*Chambers v. Ala. Iron Co.,* 67 Ala. 353. If the bill is without equity the motion to dissolve the injunction on that ground "must prevail and the bill be dismissed."—*Hart v. Clark,* 54 Ala. 490. "All amendable defects are regarded as amended; and the only inquiry to which the attention of the court should be directed is whether the facts stated justify an interference by injunction."—3 Brick. Dig., 352, § 300.

When a judicial officer refuses to hear and decide a case properly before him, *mandamus* lies to compel him to act, but not to compel the rendition of any particular judgment by him.—*Ex parte Shaudies,* 66 Ala. 134; *Ex parte Woodruff,* 123 Ala. 99; *Ex parte Oehmig & Weihl,* 91 Ala. 558; *Ex parte Thornton,* 46 Ala. 384.

CECIL BROWNE and DRYER & WEBB, *contra,* cited *Ex parte Scudder-Gale G. Co.,* 120 Ala. 436; *Ex parte S. & N. R. R. Co.,* 44 Ala. 654; *Martin v. Kelly,* 113 Ala. 577; *Goodlet v. Kelly,* 74 Ala. 213; *Stoudenmire v. De Bardeleben,* 72 Ala. 300; *Kingsbury v. Milner,* 69 Ala. 502; *P. & M. Bank v. Loucheimer,* 102 Ala. 454; 3 Brick. Dig., 625, § 6; *Ex parte City Council of Montgomery,* 24 Ala 98.

HARALSON, J.—In the case of Shelby county against petitioners, John A. Campbell, Henry C. Moss and Thomas C. McKibbon, pending in the chancery court of Shelby county, the defendants, without answering, moved to dissolve the injunction for want of equity,

and, also, moved to dismiss the bill for the same cause. After due notice, counsel for complainant and respondents appeared before the chancellor in vacation, on the 8th day of May, 1901, and argued and submitted said motions for decision by the chancellor. On the 22d day of the same month, the chancellor rendered his written opinion and his decree, expressing in the opinion, that there was no equity in the bill; but instead of dissolving the injunction and dismissing the bill, he made an order allowing complainant to amend its bill, within fifteen days from the enrollment of his decree, so as to give it equity,—if that could be done,—and if it failed to amend within the fifteen days prescribed, it was further ordered, that the bill might be dismissed for want of equity and said injunction dissolved, and gave respondents leave to renew said motions after complainant amended its bill, or if it failed to amend as authorized; and the further hearing of the cause was postponed until June 15th, 1901.

The prayer of the petition is, "that the writ of *mandamus* or other appropriate writ issue to said chancellor to compel him to pass upon and decide said motions and each of them, and to render his decree thereon without delay."

A certified transcript of the said bill of complaint, said fiat and injunction, said motions, the opinion and decretal order of the chancellor are attached as exhibits to the petition and made part thereof.

We deem it unnecessary in passing on this application, to consider and determine whether the bill filed by the county of Shelby against the petitioners contained equity or not. The chancellor went into an examination of the cause for that purpose, and expressed the opinion, as stated, that the bill was without equity, but declined to pass on said motions of the defendants therein.

The case was properly before the chancellor on the submission of the cause on these motions for a single purpose, and that was, to have the injunction dissolved and the bill dismissed. There was nothing lacking under the rules of practice, in bringing the case before him for these purposes. Rule 75 of chancery practice pro-

*[Ex parte John A. Campbell et al.]*

vides, that "A defendant may, at any stage of the cause, move to dismiss a bill for want of equity, unless a similar motion has been made and determined."

Under section 797 of the Code, a defendant may in vacation, upon ten days' notice to the complainant or his solicitor, move, before the chancellor of the division where the bill is filed, to dissolve an injunction for want of equity in the bill; and sections 427 and 428 provide for prosecuting appeals to the Supreme Court from decrees rendered in term time, or in vacation by the chancellor, sustaining or overruling a motion to dismiss a bill for want of equity; and from all interlocutory orders, in term time or vacation, sustaining, dissolving or discharging injunctions. A special preference is given for their determination by the Supreme Court of appeals from such decrees. Again, section 3833 provides, that causes involving,—among other things,—the dissolution or discharge of injunctions, may be submitted at any time during the sitting of the Supreme Court, by consent of parties, without oral argument; or, upon motion of either party, on three days' notice to the other party, and such cause may be advanced and set down for hearing at such time as may be fixed by the court.

These provisions of the rule of practice in this court, and the statutes referred to, show very clearly, that they were designed for the speedy determination of questions arising on motions to dismiss for the want of equity, and the sustaining, dissolving or discharging injunctions. Whenever, therefore, a case of the character is properly presented to a chancellor, it becomes his province and duty to determine it.

It is well settled, that when a judicial officer refuses to hear and decide a case properly before him, and of which he has jurisdiction, *mandamus* lies to compel him to act, and render a judgment or decree in the cause, but not to correct errors, or direct what particular judgment or decree shall be rendered,—not to control but compel judicial action.—*Ex parte Shaudies*, 66 Ala. 134; *Ex parte Woodruff*, 123 Ala. 99; High on Extr. Rem., § 266.

If a chancellor has the discretion to decline to decide a case of this character when properly submitted to

him, he may exercise such discretion any number of times, to the very great prejudice of the rights, which the law secures to movant, to have his motions heard and determined. The law very wisely withholds any such discretion, but makes it the duty of the chancellor to decide the question without unnecessary or unreasonable delay. No reason is assigned for not rendering a decree on the motions, further than to give complainant an opportunity to amend so as to give the bill equity, which the chancellor expressed the opinion was without equity. This was altogether an insufficient reason, since, on a motion to dissolve an injunction for want of equity in a bill in which it is granted, all amendable defects are regarded, *pro hac vice*, as cured by amendment, and the inquiry made should be, whether, if the facts were well pleaded, an injunction is the appropriate remedy. The same is true on a motion to dismiss a bill for want of equity.—*E. & W. R. Co. v. E. T. V. & G. R. Co.*, 75 Ala. 275; *Ex parte Sayre*, 95 Ala. 288.

Let the *mandamus* issue as prayed for.

*Mandamus* granted.

### *Petition for Mandamus.*

