# Sewell *v.* Buyck.

### *Bill to Cancel Deed and to Reconvey.*

(Decided July 6, 1910.  53 South. 279.)

*Appeal and Error; Interlocutory Decree; Time for Taking.*— Where a case was submitted and the chancellor sustained demurrers, general and special, taxing complainant with the cost, and adding nothing further, the decree was interlocutory, and should have been appealed from within thirty days after its rendition, and such appeal cannot be entertained although the chancellor stated that there was no equity in the bill, and that none could be injected into it by amendment.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by N. B. Sewell against James Buyck. From a decree sustaining demurrers to the bill, complainant appeals. Appeal dismissed.

H. R. GOLSON, and J. A. HOLMES, for appellant. The court erred in sustaining demurrer to the bill as it con-

tains equity and its averments were sufficient.—3 Mayf. 318.

FRANK W. LULL, for appellee. After a discussion of the want of equity in the bill and of what judgments are open to collateral attacks, counsel insist that the decree was interlocutory and that the appeal was not taken within the statutory time, and hence, should be dismissed.

SAYRE, J.—The cause having been submitted to the chancellor for decree in vacation on general and special demurrers, a decree was rendered, in the course of which the chancellor stated his opinion that there was no equity in the bill, and that none could be injected into it by amendment. The chancellor also stated his opinion that the conclusion reached in reference to the equity of the bill rendered it unnecessary to pass upon a motion to strike submitted at the same time. Accordingly he made a decree sustaining the demurrers, general and special, and taxing the complainant with the costs of the suit. This was the full extent of the decree. This appeal was taken more than 30 days after the rendition of the decree, and the appellee moves that it be dismissed for that reason.

The chancellor indicates very clearly his opinion that the bill ought to stand dismissed for defect in substance, and probably would have so decreed but for doubt as to the power to make such decree on demurrer without giving leave to amend. However that may be, the decree did not in terms or effect dismiss the bill. The consequence is that the bill was still pending in the chancery court at the date of the appeal, open to amendment as for anything determined by the decree, and, the appeal having been taken after the statutory

[Bellevue Cemetery Co. v. McEvers.]

period limited for appeals from interlocutory decrees on demurrer, this court is without jurisdiction to review the decree, and the motion to dismiss must prevail.

Appeal dismissed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.