(89 South. 473)

### MINGE v. SMITH, Tax Collector.
### (2 Div. 766.)

(Supreme Court of Alabama.   June 30, 1921.)

1. **Appeal and error** ⟗356—**No jurisdiction on appeal from decree sustaining demurrer to bill unless taken in 30 days.**

Unless appeal from decree sustaining demurrer to bill is taken in the 30 days limited by Code 1907, § 2838, as amended by Acts 1915, p. 137, there can be no review of the decree.

2. **Appeal and error** ⟗100(2)—**Order vacating injunction fiat for noncompliance with condition not appealable.**

An order vacating, annulling, and holding for naught an injunction fiat, granted by the judge, because of noncompliance with its condition that complainant give bond, is not one sustaining, dissolving, or discharging an injunction, injunction not having been issued, and so not appealable under Code 1907, § 2839.

3. **Appeal and error** ⟗78(3)—**Decree held not final for purpose of appeal.**

Decree, not settling merits of the case or dismissing the bill, but merely sustaining demurrers to the bill, and vacating injunction fiat for noncompliance with condition, is not a final decree, as regards review of merits on appeal.

4. **Appeal and error** ⟗339(2)—**Special provision as to time for appeal from decree on demurrer not controlled by general provision.**

The general provision of Acts 1915, p. 711, as amended by Acts 1919, p. 84, fixing six months as time for appeal, does not control the special provision of Code 1907, as amended by Acts 1915, p. 137, fixing a period of 30 days for appeal from decree on demurrer.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Suit by Bessie C. Minge against George M. Smith, as Tax Collector, of Marengo County. From a decree sustaining demurrers to the bill, complainant appeals. Appeal dismissed.

J. H. Bankhead, Jr., of Jasper, and George Pegram, of Faunsdale, for appellant.

Counsel insist, with citation of authority, that sections 75 and 82 of the Revenue Act, as well as sections 83, 84, 85, 86, and 88 of said Revenue Act, are violative of the Constitution, and therefore void; but, in view of the opinion, it is not deemed necessary to here set them out. They also insist, with citation of authority, that injunction is the proper remedy; but they do not discuss the matters decided in the opinion.

Harwell G. Davis, Atty. Gen., and Hugh White, Asst. Atty. Gen., for appellee.

The appeal from the decree on demurrer must be dismissed, as it was not taken in time. Section 2838, Code 1907; 168 Ala. 533, 53 South. 279. The decree dismissing the injunction was unnecessary, as no injunction has been granted, and was not such a decree as is referred to in sections 2839, 4530, 4531, Code 1907. 168 Ala. 533, 53 South. 279; 112 Ala. 256, 20 South. 524; 103 Ala. 154, 15 South. 647; 140 Ala. 320, 37 South. 241; 95 Ala. 288, 11 South. 378. Counsel discuss the case on its merits, with citation of authority; but, in view of the opinion, it is not deemed necessary to here set it out.

MILLER, J. Bessie C. Minge files this bill of complaint against George M. Smith as tax collector of Marengo county, Ala., to prevent him from collecting more than $73.62 taxes on her property. She assessed her property for the year 1920 at $3,990, which was 60 per cent. of its market value, and that the taxes thereon were $73.62, which was tendered to the tax collector. It was refused by him, and she deposits in court said sum of money. She avers that one B. F. Pool is acting as tax adjuster of the county, and gave her notice through the mail that the provisional taxable value of her property was $10,940, instead of $3,990, as fixed by her, and on the day for the hearing fixed the assessment of her property at $10,940, and that her taxes are based on the valuation fixed by said tax

⟗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

adjuster, amounting to $196.92; that this was void because the statute creating the said office of tax adjuster is unconstitutional, that the law fixing his salary and compensation is unconstitutional, and this statute, authorizing the tax adjuster to raise the valuations of property assessed for taxation, violated the "due process of law" clause of the Fourteenth Amendment to the federal Constitution, and section 6 of the Constitution of Alabama, in that it deprived citizens of property without giving them notice of the proceedings against them and no opportunity to be heard in defense of their property rights. The bill prayed for a temporary injunction restraining the tax collector from collecting said illegal taxes—the difference between $196.62 and $73.62.

Hon. R. I. Jones, judge of the Seventeenth judicial circuit, indorsed on the bill of complaint an order directing the register of the court to issue the writ of injunction prayed for, upon complainant's entering into bond in the sum of $250, conditioned, payable, and with sufficient sureties as the law requires to be approved by the register of the court. No bond was ever tendered or approved. No writ of injunction issued. This order for temporary injunction was never put into operation by complainant complying with the terms on which it could issue.

The defendant demurred to the bill of complaint. The defendant filed a motion to dissolve the injunction. The defendant filed a motion to discharge the injunction. The defendant filed answer to the bill of complaint. The presiding judge made this order in this cause on March 12, 1921:

"This cause coming on to be heard, it is ordered by the court that the demurrers incorporated in the answer in this cause, filed by the respondent in this cause, be, and the same are hereby, set down for hearing on Wednesday, the 16th day of March, 1921."

On March 16, 1921, the following decree was rendered by the court, and filed in the cause on the foregoing submission:

"This cause coming on to be heard is submitted on demurrers to the amended bill of complaint, and the same being argued by counsel, heard and considered by the court, the court is of the opinion that the said demurrers are well taken. It is therefore ordered, adjudged, and decreed by the court that the said demurrers be, and they are hereby, sustained. And it now appearing to the court that the injunction heretofore granted in this cause has not been issued, nor any bond therefor given by the complainant, it is further ordered, adjudged, and decreed by the court that the order for the said injunction be, and the same is hereby, vacated, annulled, and held for naught. R. I. Jones, Judge of Seventeenth Judicial Circuit. "Filed and enrolled March 16, 1921. B. F. Gilder, Register."

An appeal from this decree, rendered on March 16, 1921, was taken, appeal bond given and approved on April 20, 1921, by the complainant.

[1] An appeal lies to this court from a decree sustaining demurrers to a bill of complaint. It must be taken within 30 days after the rendition of the decree. This appeal was taken more than 30 days after this decree was rendered. Section 2838, Code 1907, as amended Acts 1915, p. 137.

The appeal on decree sustaining demurrers comes too late. This court cannot review this decree on demurrer. It has no jurisdiction over it. The motion to dismiss it must prevail, unless the other aspect of this decree, the other order of the court in the decree, gives this court jurisdiction of it by this appeal. Sewell v. Buyck, 168 Ala. 533, 53 South. 279. This decree does not dismiss this bill in terms or effect, directly or indirectly. It sustains the demurrers to the bill of complaint. Then the court, apparently of its own motion, as the cause was submitted only on demurrers, made the following order:

"And it now appearing to the court that the injunction heretofore granted in this cause has not been issued nor any bond therefor given by the complainant, it is further ordered, adjudged, and decreed by the court that the order for the said injunction be, and the same is hereby, vacated, annulled, and held for naught."

[2] Does an appeal lie from that order or decree to this court, and, if so, was it taken in time? This is the question for us to answer. If no appeal is allowed by law from that order, then this court has no jurisdiction of this appeal. If an appeal is allowed, but it was not taken within the prescribed time, then this court has no jurisdiction of the appeal.

"An appeal lies to the Supreme Court on all interlocutory orders * * * sustaining, dissolving or discharging injunctions." Section 2839, Code 1907.

This order of the court does not sustain the injunction. This is clear. It does not dissolve the injunction. The injunction was never issued. It could not be dissolved when it never had existence. It is not an order discharging an injunction. It could not be discharged because it was never issued. So this section (2839, Code 1907) gives no appeal from this order.

This order vacates, annuls, and holds for naught the injunction fiat granted by the judge of the court, conditionally upon complainant giving bond for $250, conditioned, payable, and with sufficient sureties to be approved by the register. It was vacated and annulled because complainant had not complied with the conditions. The injunction fiat was granted conditionally January 11, 1921. The conditions were never performed.

It was annulled March 16, 1921, because complainant did not comply with the conditions.

[3] This was not a final decree. No merits of the case are settled or fixed by it. A decree, final or interlocutory, that will support an appeal, is a jurisdictional fact. It must exist and the appeal be in time before this court can review the merits of the case. Sections 2837 and 2839, Code 1907; Sewell v. Buyck, 168 Ala. 533, 53 South. 279; Trump v. McDonnell, 112 Ala. 256, 20 South. 524; Ex parte Fechheimer, 103 Ala. 154, 15 South. 647; Ex parte Campbell, 130 Ala. 196, 30 South. 521; Robertson v. Montgomery Base Ball Ass'n, 140 Ala. 320, 37 South. 241.

The bill of complaint is still in court. It has not been dismissed, and the court costs taxed. It was still pending, open in court, and subject to be amended, when this appeal was taken. The right still exists to amend the bill and to ask for a reinstatement of the injunction fiat, if desired. Sewell v. Buyck, 168 Ala. 533, 53 South. 279. After the bill is amended, if the temporary injunction is again applied for, and is granted or refused, an appeal therefrom will lie to this court within 10 days. Section 4531, Code 1907.

True the bill can be amended, but whether it contained equity or can be amended to give it equity, and whether the order for the temporary injunction should be reinstated, it is not necessary for us now to decide. However, we refer on these subjects to the case of Adams, Tax Col., v. Southern Ry. Co., 176 Ala. 320, 58 South. 397, and the authorities there collected and cited. Oates v. Whitehead, Tax Col., 173 Ala. 209, 55 South. 803.

[4] The appellant in brief suggests that the time fixed, six months within which an appeal may be taken, by an act of September 22, 1915 (Acts 1915, p. 711), as amended in General Acts 1919, p. 84, governs and controls in this case, and not the 30 days as fixed by section 2838 of the Code of 1907, as amended in Acts 1915, p. 137. This court has held to the contrary. Act of 1915, p. 711, does not repeal section 2838 as amended by Acts 1915, p. 137. The special provisions of Act 1915, p. 137, are not controlled by the general provisions of Act of 1915, p. 711. Pepper v. Horn, 197 Ala. 395, 73 South. 46. We find no law, and are cited to none, authorizing an appeal from the order annulling the conditional injunction fiat. Section 2839, Code 1907.

The appeal from the decree sustaining the demurrers to the bill was taken too late, more than 30 days after the decree was rendered. Section 2838, Code 1907, amended by Acts 1915, p. 137. Hence this appeal on motion of the state of Alabama is dismissed.

Appeal dismissed.

All the Justices concur.