# Board of Revenue of Jefferson *v.* Birmingham Water Works Co.

## *Mandamus.*

### (Decided May 20, 1909. 49 South. 683.)

1. *Mandamus; Right to; Adequacy of Other Remedy.*—If a petitioner has any other adequate remedy to which he can resort to enforce a supposed right, mandamus will not lie.

2. *Licenses; Recovery of Taxes.*—Sections 2340-2344, Code 1907, have relation to taxes paid to a tax collector upon an assessment of property, and do not authorize the recovery of a license tax paid to a judge of probate by mistake.

3. *Mandamus; Recovery of License Tax Paid by Mistake.*—One who has paid a license tax to a judge of probate through mistake, is not entitled to mandamus to compel a refunding of the same.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Mandamus by the Birmingham Water Works Company against the Board of Revenue of Jefferson county to require the board of revenue to instruct the judge of probate thereof to certify to the auditor that the relator corporation had paid to the judge of probate through mistake, a license tax in the sum named. From a judgment awarding the writ the respondent appeals. Reversed and the petition dismissed.

JOHN H. MILLER and W. K. TERRY, for appellant.— The demurrers to the petition should have been sustained.—13 A. & E. Ency. P. & P. 496, 676, 678; 21 A. & E. Ency. of Law, 827; 20 Id. 816. There was a variance between the relief sought from the board and the act which relator sought to compel by mandamus.—*Commissioner's Court v. The State*, 146 Ala. 439; *Baird v. City of Mobile*, 37 South. 843.

LONDON & FITTS, for appellee.—The license tax not being recoverable by suit against the state is to be repaid to the person justly entitled thereto by means of the certificate of the judge of probate issued under the order of the county board.—Sections 2340-2347, Code 1907; *Montgomery Tract. Co. v. The State*, 150 Ala. 664; *White v. Smith*, 117 Ala. 232. The right to reclaim the money from the state being acknowledged, the courts imply a remedy and exert themselves to find one suited to the purpose.—26 A. & E. Ency. of Law, 672.

McCLELLAN, J.—Appeal from order awarding peremptory writ of mandamus requiring the board of revenue of Jefferson county to instruct the judge of probate thereof to certify to the State Auditor that relator, Birmingham Waterworks Company, a corporation, had erroneously and through mistake paid to the judge of probate a license tax in the sum set down in the petition.

One of the two invariable tests by which the right to the writ of mandamus is determinable is whether the petitioner has any other adequate remedy to which he can resort to enforce his right.—*Moseley v. Collins,* 133 Ala. 328, 32 South. 131. The act apprpoved September 29, 1903 (Acts 1903, p. 278), now forming sections 2340 to 2344, inclusive, of the Code of 1907, obviously relates to taxes erroneously paid to tax collectors in consequence of assessments of property, and not to taxes otherwise demanded or paid to other officers. Such sections are without bearing in this instance.

By an act approved August 16, 1907 (Acts 1907, p. 639), noted as sections 2345 to 2347, inclusive, in Code of 1907, though not a part of it, because enacted subsequent to the adoption of that Code, additional provision was made for the recovery and refunding of money erroneously paid or collected for taxes, whether paid under compulsion or protest or not. In the first section of the act, after stating what moneys are erroneously paid within that section of the act, it is expressly provided that 'the same shall be recoverable by appropriate proceedings at law or in equity against the proper parties or their successors, with the usual rights of and upon appeal, and that *such payment was not made under compulsion or protest shall be immaterial."* (Italics ours.)

Without entering on a general construction of the act of 1907, it will suffice to say that, if the alleged erroneous payment here in question is not within the provisions of that act, and to provide for the recovery and refunding of money so erroneously paid it creates an adequate remedy, we know of no right this relator has to compel the refunding of the sum described in this proceeding. Whether the payment made by the relator, in this instance, is within the terms of the act of 1907, is not an inquiry we are properly invited to determine on this appeal.

[Gardina v. Board of Registrars of Jefferson County.]

The order awarding the writ is reversed, and the peti-·
tion will be dismissed, at the cost of the relator.

DOWDELL. C. J., and ANDERSON and MAYFIELD, JJ.,
concur.