# Bromberg *v.* McArdle, *et al.*

## *Contest of Final Settlement of Estate.*

(Decided June 7, 1911.   55 South. 805.)

1. *Wills; Construction; Bequests.*—Section. 2, Code 1907, is limited with respect to words to their use in the Code, and has no application in the interpretation of the term "personal property" as used in the bequest or devise; however, ordinarily, the term, "personal property," includes goods, money, chattels, etc.

2. *Same; Description of Property; Money.*—The will in this case examined and held that it was the testator's intent that the general devise of personal property contained in the residence devise should include money found therein.

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS, JR.

Petition by Elizabeth McEvoy McArdle, as executrix of the last will and testament of Ann McEvoy, deceased, for final settlement of the estate.   On motion of Frederick G. Bromberg, guardian ad litem of the minor heirs, to charge executrix with a certain sum, and to disallow each and every item of credit.   From a decree granting the petition, and denying the motion, the guardian ad litem appeals.   Affirmed.

The will is as follows:  "Item 1. I nominate, constitute and appoint my daughter Elizabeth McEvoy and my son John E. McEvoy as executrix and executor of this my last will and testament without any bond or security, and I direct my daughter Elizabeth to pay my just debts and funeral expenses as soon as practicable after my death.

"2.   I give, devise and bequeath unto my said daughter, Elizabeth McEvoy, the house and lot on the east side of Lawrence street [here follows the full description], being the place where I now reside with my said

daughter, together with all of the household and kitchen furniture, and all other personal property contained in said residence; also the house and lot on the northeast corner of Lawrence and Madison streets in the city of Mobile; also the house and lot on the south side of Elmira street, second west of Lawrence street, in the city of Mobile. I direct my said daughter Elizabeth to pay my funeral expenses, the costs of administration, and all other debts or obligations owing by me. My will not to be a charge upon the property herein devised to my children. I also direct my said daughter at her own expense to keep clean and maintain my graveyard lot. [Then follow a lot of devises to her other children.] All the rest and residue of my property of whatever kind or description I give, devise and bequeath unto my five children and two grandchildren, taking their mother's share, share and share alike."

FREDERICK G. BROMBERG, pro se. Appellant insists that under item 2 of the will, that the executrix took none of the money which was found in the bureau drawer in her mother's pocketbook. The words, "and other personal property" meant personal property of the kind and character devised to her in said will.—*Dale v. Johnson*, 3 Allen 364; *Pippin v. Ellison*, 12 Ired. L. 61; *Taft v. Tillinghast*, 7 R. I. 434.

SULLIVAN & STALLWORTH, for appellee. The only question in this case is whether the $800 in cash left by testatrix in the residence which she bequeathed to her daughter and executrix passed under the devise of personal property contained in item 2 of the will. Money is personal property.—*Williamson v. Harris*, 57 Ala. 40; *Boyd v. Selma*, 96 Ala. 114; Sec. 2, subd. 3, Code 1907. It was the intention of this testator that the

money should pass to the daughter, and her intention should govern.—*Capel's Heirs v. McMillan,* 8 Port. 179; *Williams v. Williams,* 18 Tenn. 20.

McCLELLAN, J.—The construction, in a particular, of the last will and testament of Ann McEvoy, deceased, will determine the single question presented by this appeal. The first and second items and the general residuum clause of the will, omitting signature, attestation, and other formal parts, will be set out in the report of the appeal. The contention, between counsel, is, whether the words, *"all other personal property,"* in the phrase, "together with all household and kitchen furniture, and all other personal property contained in said residence," in item 2 of the instrument, include $800 *in money* found "in a pocketbook in the drawer of a bureau" in the residence before mentioned.

While Code, § 2, defines, among other words, *"personal property,"* and includes in its signification *"money,"* among other species of property, that legislative declaration is limited in effect to such words, as are defined, when employed in the codification.—*Bickley v. Keenan,* 60 Ala. 293; *McGowan v. Collins,* 154 Ala. 299, 46 South. 228. So, in the interpretation to be here made no aid can be derived from the statutory definition mentioned. In ordinary parlance, of familiar use by lay, as well as professional, persons, the term *"personal property"* includes in its signification *money,* goods, chattels, etc.—*Bruckman's Estate,* 195 Pa. 363, 368, 45 Atl. 1078; Underhill's Law of Wills, § 308, and citations made in note 5 thereto. But under the influence of the doctrine noscitur a sociis, such a general term as that employed in this will is, when consisting with the expressed or necessarily implicable, from words used, intent of the testator, restricted to a much

limited effect.—Schouler on Wills, § 514; *Dole v. Johnson*, 3 Allen (Mass.) 364; *Tefft v. Tillinghast*, 7 R. I. 434; *Wolf v. Schoeffner*, 51 Wis. 53, 8 N. W. 8; *Bond v. Martin* (Ky.), 76 S. W. 326; *Bruckman's Estate, supra;* Underhill's Law of Wills, § 308. This rule of restriction of general terms by associated words of narrower import must and does yield, as its statement indicates, to the testator's intent as gathered from the whole instrument.—Schouler on Wills, § 514; 1 Jarman on Wills, 759.

It is the contention of counsel for appellant that the words, *"all other personal property,"* following as they do, in item 2, the designation of household and kitchen furniture as subjects of bequest to the daughter Elizabeth, restrict the general terms to personalty ejusdem generis with the specified subjects of bequest. The rule to which appellant's counsel appeals is, of course, well recognized. It has been taken account of and applied in the following, among other, cases of a general character similar to that at bar: *Tefft v. Tillinghast, supra; Dole v. Johnson, supra; Bond v. Martin, supra; Wolf v. Schoeffner, supra.* The text-writers before cited afford further illustration of its application. But, as we have said, upon obviously sound reason and abundant authority, the intention of the testator, to be ascertained from the whole instrument, will not suffer sacrifice by adherence, notwithstanding, to the rule stated.—Schouler on Wills, § 514. From a cautious consideration of the whole will of Mrs. McEvoy, it must, we think, be held that the interpretation taken by the probate court was and is correct.

The will, in items other than the first and second and the general residuum clause, consists entirely of devises of separate lots of real estate to children and grandchildren of the testatrix. Elizabeth McEvoy is made

[Bromberg v. McArdle, et al.]

one of the executors. To her the devises and bequests expressed in the second item are made. Upon her the will, in item 2, devolved the duty to pay the funeral expenses, costs of administration, and all other debts or obligations chargeable against the estate, the property (real) devised by the will being thereby expressly exonerated from charge on those accounts. The sum of the purpose of the testatrix, to be read from the whole instrument, was to lay the obligation for the payment of the demands mentioned upon the personal estate, in exemption of the real property from charge therefor, and to that end the bequest was of all of the personal estate, contained in the *residence*, to Elizabeth, whom the testatrix directed to pay and discharge the obligations enumerated. It is argued, in opposition to the interpretation of the will in the particulalr with which this appeal is concerned, that such a view renders vain the general residuum clause therein. If that effect of the conclusion could, on this record, be affirmed, it would not, in our opinion, suffice to negative the testatrix's stated intent in this regard. Nevertheless, we find nothing in the record even tending to show that at the time of the execution of the instrument the testatrix had no *other* property, than that previously thereien devised or bequeathed, which would then have passed under the influence of the general residuum clause.

The probate court correctly construed the will in this particular, and its action, in consequence, must be affirmed.

Affirmed.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.