# Oates *v.* Whitehead, Tax Collector.

### *Bill to Enjoin Raise of Taxes.*

(Decided June 13, 1911.   55 South. 803.)

*Taxation; Assessment; Injunction; Equity Jurisdiction.*—A bill is without equity that seeks to restrain the collection of a tax levied on the increased assessment made by the State Tax Commission, which alleges that the increase was illegal for want of notice, and charging that if the complainant was forced to pay the difference he would be without any remedy to force the refunding thereof, and further alleging that the acts creating the Alabama Tax Commission, in so far as they authorize an increase of valuation without notice to the tax payer, were unconstitutional.

APPEAL from Henry Chancery Court.
Heard before Hon. L. D. GARDNER.

14—173

[Oates v. Whitehead, Tax Collector.]

Bill by W. S. Oates against W. J. Whitehead, as Tax Collector, for injunction. Decree sustaining demurrer to the bill, and complainant appeals. Affirmed.

The bill alleges proper residence and age of the complainant; that Whitehead is over the age of 21, is a resident of Henry county, and tax collector of said county, together with his duty as to the collection of taxes; that complainant is a taxpayer, and as such taxpayer he listed his property for taxation with the tax assessor of Henry county, Ala.; giving the date, and attaching the assessment as an exhibit of the bill, showing that the total amount of his real estate was $27,900, and his personal property $440; that the tax rate for both state and county taxes for that year was $1.40 per $100, and that his total tax, state and county, amounted to the sum of $397.26. He then avers his readiness and willingness, on the day the tax became due and since that time to pay said amount to the tax collector, but that the tax collector refuses and declines to accept said sum in full payment of the taxes, but is demanding and is required by his records to demand and collect of the complainant the sum of $587.81, which complainant refuses to pay, as not being due. It is then averred that legal steps have been or are about to be taken to enforce the collection of the last named amount, as the amount due by complainant for taxes. It is then averred that the State Tax Commission of Alabama met with the board of county commissioners of Henry county, on the 5th day of February, 1910, and then and there raised or reassessed complainant's real estate, not embracing his city property, to the sum of $41,500, or an additional sum of $13,710 to that assessed by complainant, and that said board set aside and held for naught the assessment made by the tax assessor, and ordered said assessor to enter upon the tax assessment books of Hen-

[Oates v. Whitehead, Tax Collector.]

ry county the assessment as there made by them, which order is attached to the bill and marked "Exhibit B." It is then averred that the complainant had no legal notice of the meeting of said tax commission, and was not present at their meeting. It is further averred that no notice was given them as required by section 2228, Code 1907, before the assessment was made by said tax collector and entry of record thereof made; that no time was set apart for hearing objections to said reassessment or revaluation, nor personal notice given, and no notice mailed to complainant, or left at his dwelling, describing the property and assessment in valuation fixed by the commission, and notifying complainant to appear at a time specified to show cause or reason why the assessment or revaluation should not be made. On these facts it is alleged that the acts and doings of the commission were void and of no effect. It is then alleged that he is forced to pay the difference, and that he will be without legal or equitable remedy to enforce the collection or refunding of the same. It is then alleged that the act creating the Tax Commission of Alabama is unconstitutional and void, wherein it authorizes or empowers such commissioner to reassess or revalue complainant's property, and to order the same to be entered upon the tax assessment books of Henry county, without notice to complainant, in that it is in violation of plaintiff's constitutional right of appearing and defending in every court empowered to take or incumber complainant's property with the lien. It is further alleged that the order was void, and Whitehead was without authority to take any action in the premises, because of the fact that the order is void. On this statement an injunction is asked, restraining the collection of the excess, and for general relief. The demurrers take the point that the bill is without equity, and that it appears

[Oates v. Whitehead, Tax Collector.]

that the assessment referred to in the bill was in all respects regular and valid, and that the complainant has a full, adequate, and complete remedy at law.

A. E. PACE and W. L. LEE, for appellant. The bill has equity.—*Gold Life Ins. Co., v. Lott,* 54 Ala. 508; *City of Ensley v. McWilliams,* 145 Ala. 159. The act creating the State Tax Commission is unconstitutional in so far as it allowed the raise in value without notice to the taxpayer.

ROBERT C. BRICKELL, Attorney General, WM. L. MARTIN, Ass't. Atty. Gen., and B. B. HAYES, for appellee. No brief came to the reporter.

McCLELLAN, J.—If it be assumed (for the occasion only) that this bill shows illegality and hardship and irregularity in respect of the sum (tax) against the collection of which, by the tax collector, complainant invokes injunctive process, still his bill is not maintainable, because the case made thereby does not show, in addition, any lead to the application of recognized principles of equitable jurisdiction.—*Ala. Gold Life Ins. Co. v. Lott,* 54 Ala. 499, 508, 509; *City of Ensley v. McWilliams,* 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26; *Town of New Decatur v. Nelson,* 102 Ala. 556, 15 South. 275.

The chancellor, in sustaining the demurrer, followed and correctly applied the principles announced in the cited decisions of this court—decisions amply and accurately setting forth the reasons supporting the conditions therein entertained. There is no occasion to reiterate them. The decree is, hence, affirmed.

Affirmed.

SIMPSON, ANDERSON and MAYFIELD, JJ., concur.