# Adams, Tax Collector, *et al. v.* Southern Railway Co.

## *Bill to Enjoin Collection of Special Tax.*

(Decided April 18, 1912.  58 South. 397.)

1. *Counties; Commissioner's Court; Minutes.*—The Acts of the Commissioner's Court need not be entered in the formal minutes at the term at which enacted, and a county tax assessed by the court is not inavlid, because entered by the clerk when the court was not in session.

2. *Highways; Road Tax; Injunction.*—A railroad company cannot enjoin the collection of an invalid road tax, without showing some recognized ground of equitable interference, and merely to prevent a lien upon its property, the proper course being to pay the tax under protest, and seek its recovery in an action at law.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Bill by the Southern Railway Company against T. S. Adams, as Tax Collector for Marengo county, and others, to enjoin the collection of a special road tax. From a decree for complainants respondent appeals. Reversed and rendered.

WILLIAM CUNNINGHAME, for appellant.   The answer was filed under oath and supported by the uncontroverted affidavits of the officer, and hence, the court erred in refusing to dissolve the injunction.—Section 4535, Code 1907; 5 Mayf. 531; *Hayes v. Aldrich,* 115 Ala. 249; *Nelson v. Hammons,* 55 South. 301; *McHan v. McMurray,* 55 South. 793. The bill is supported by affidavit of attorney on information and belief only.—*M. & M. Co. v. Ala. Mid.,* 123 Ala. 145; *Niehaus v. Coke,* 134 Ala. 223. There was no occasion for an injunction as the grievances complained of could be redressed by a suit at law.—*Oates v. Whitehead,* 55 South. 803; *Ensley v. McWilliams,* 145

[Adams, Tax Collector, et al. v. Southern Railway Co.]

Ala. 159. He had a plain and adequate remedy at law, either by motion to amend the record of the commissioner's court, so as to make them speak the truth (*State v. Wilson,* 123 Ala. 259; *Montgomery B. B. Wks. v. Gaston,* 126 Ala. 425; *Hensley v. Rose,* 76 Ala. 357) or by certiorari (*Adams v. City of Troy,* 56 South. 82) ; or he may pay the tax and recover it back in an action at law.—*State v. Wilson, supra; Elmwood C. Co. v. Tarrant,* 54 South. 186; *Norwood v. Goldsmith,* 50 South. 394.

PETTUS, FULLER & LAPSLEY, HENRY MCDANIEL, and ABRAHAMS & TAYLOR, for appellee. The court properly denied the motion to dissolve the injunction upon the denial of the answer.—*L. & N. v. Bessemer,* 108 Ala. 238; *Jackson v. Jackson,* 91 Ala. 292; 82 Ala. 94; 78 Ala. 250; 17 Ala. 670; 121 Ala. 567. It will not be dissolved when it will be inequitable to do so, notwithstanding the answer denies positively every fact stated in the bill.—*Fuller v. Chenault,* 157 Ala. 46; 55 South. 508; 84 Ala. 343; Ib. 215; 74 Ala. 427; 134 Ala. 223. The bill contains equity as it shows that the levy was not regularly made, nor were the minutes properly entered.—Secs. 3314, 3315, Code 1907; *Goggans v. Myrick,* 131 Ala. 286; 113 Ala. 627; 156 Ala. 630; 129 Ala. 305; 34 Cyc. 592. Under the facts in this case the record was subject to be expunged on motion.—67 Atl. 97 58 S. W. 1070. There was no authority to enter the minutes after the court adjourned.—126 Ala. 425; 123 Ala. 259. The amount to be levied is discretionary with the court, and until that amount is fixed and recorded, the tax is not levied.—6 Ala. 579; 17 Ala. 520. A special tax must be levied by the court itself.—Sec. 139, Code 1907. All the jurisdictional facts must affirmatively appear.—Sec. 215, Const. 1901; secs. 134 and 138, Code

1907; 137 Ala. 621; 68 Ala. 129. Where a tax payer attacks an assessment for illegality extending to the whole tax, equity will take jurisdiction although each complaining tax payer has a remedy at law.—37 Cyc. 1261, and cases cited. Counsel discuss the method and manner of levying taxes and insist that it is clearly shown that the tax is invalid and ought not to be enforced. Appellee could not pay his tax and recover it back, under secs. 2345, 2346, Code 1907. Equity will cancel and remove the pretended lien.—*City of Birmingham v. Coffman*, 55 South. 500.

McCLELLAN, J.—This appeal presents for revision *only* the action of the court in denying the motion of the respondents (appellants) to *dissolve* the injunction issued as prayed in the bill. The bill's theory is that the tax collector of Marengo county is in the act of enforcing, by a sale of property of the complainant (appellee), the collection of an alleged *special road tax.*— Code, §§ 134, 138; Const. § 215; Acts Sp. Sess. 1909, pp. 179, 280. It is averred, to state the substance, that, while there appears upon the minute book of the commissioners' court of Marengo county an order levying a special road tax for the year 1910, apparently the legally expressed purpose of that authorized governmental body, the *court,* as such, never in fact made the order for the levy; but it was transcribed upon the minutes of that body by the clerk (Code, § 3315) of the probate judge *without* the term of the court at which the action purports to have been taken. It is, in consequence, alleged that there was no valid levy of the special road tax, the payment of which is sought to be thus enforced. It is further averred that such purported levy of the tax is valid upon its face, and apparently casts the shadwow of a statutory lien upon complainant's property;

that its property is about to be taken to satisfy a tax charge that in fact never had any existence; and that it will suffer irreparable injury and damage unless the law's processes the tax collector is employing are restrained by injunction to that end.

That feature of complainant's theory which rests upon the idea that the formal minutes, permanent record, of the acts of the commissioners' court *must* be entered during the term of the court at which the action is taken, is entirely untenable, as was expressly ruled in *Goodson v. Dean,* 173 Ala. 301, 55 South. 1010. The act of entering such official proceedings upon the permanent records of the body is purely ministerial.— *L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 140, 141, 44 South. 602; 1 Black on Judg. § 106.

Apart from this, however, the bill is without equity. Its object is to enjoin the collection of a tax sought to be collected for *county purposes,* not *municipal,* where, it seems from some authorities (see *Stone v. Mayor, etc.,* 57 Ala. 61, 71, 29 Am. Rep. 712) there is a partial relaxation of the rule applied in cases touching the restraint of tax-gathering by the state or the counties. The settled rule is that, unless a bill to enjoin the collection of a tax shows some recognized ground for equitable interference, beyond illegality, hardship, or irregularity in respect of the tax, injunction against the collection will not issue.—*Oates v. Whitehead,* 173 Ala. 209, 55 South. 803; *Ala. Gold Life Ins. Co. v. Lott,* 54 Ala. 499, 508, 509; *City of Ensley v. McWilliams,* 145 Ala. 159, 41 South. 296, 117 Am. St. Rep. 26; *Town of Decatur v. Nelson,* 102 Ala. 556, 15 South. 275. In this instance, the complainant should pay the tax, and seek its recovery back in an action at law.—*Ala. Gold Life Ins. Co. v. Lott, supra.*

[Sparks v. Weatherly.]

The bill being without equity, the motion to dissolve should have been granted. The decree to the contrary is reversed, and one is here rendered dissolving the injunction.

Reversed and rendered. All the Justices concur.