# Patterson *v.* Pitts, Tax Collector.

*Bill to Enjoin Collection of Taxes.*

(Decided December 5, 1912. 60 South. 390.)

*Taxation; Injunction; Subjects of Protection.*—Where the statutes furnish an adequate remedy if the taxes are improperly collected and complainant has an adequate remedy at law if his property is sold under an illegal tax levy, equity will not enjoin the collection of such tax.

APPEAL from Russell Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by M. L. Patterson to enjoin H. B. Pitts as tax collector from enforcing the collection of certain taxes. Decree for respondent and complainant appeals. Affirmed.

GLENN & DE GRAFFENRIED and J. E. HENRY, for appellant. The statutes must be followed in matters of taxation or the acts done will be invalid.—*State Auditor v. Jackson County,* 65 Ala. 142. The penalties sought to be imposed never arose.—Sections 2250-2251, Code, 1907. The facts of this case afford a proper occasion for a court of equity to grant injunctive relief against the collection of the penalty.—*Tallassee Mfg. Co. v. Speigner,* 49 Ala. 262; *Lott v. Ross,* 39 Ala. 156.

EVINS & PARRISH, for appellee. Under the facts in this case injunction will not issue to prevent the collection of a tax as the statutes provide an ample remedy and the complainant has his right of action for any illegal taxes assessed.—*Mayor, &c., v. Baldwin,* 57 Ala. 62; *Decatur v. Nelson,* 102 Ala. 552; *Ala. G. L. I. Co. v. Lott,* 54 Ala. 499; *City of Ensley v. McWilliams,* 145 Ala. 159; *Oates v. Whitehead,* 51 South. 803; *Adams v. Sou. Ry. Co.* 58 South. 397.

ANDERSON, J.—The purpose of this bill is to enjoin the collection of a certain item of tax against the appellant, designated as a penalty in the nature of fees to the back tax commissioner. Whether a penalty or fee, the collection of same is sought by the appellee as tax collector, and it is in the nature of a tax, whether legally or illegally imposed, and the statute (sections 2340-2345) provides an adequate remedy for the recovery of same if improperly collected.

The item in question is a part of the cost for the collection of state and county taxes, and is not so separ-

able thereform as to warrant a departure from the repeated holdings that, in the absence of an independent equity, the chancery court will not enjoin the collection of state and county taxes.—*Adams v. So. R. R. Co.,* 176 Ala. 320, 58 South. 397; *Oates v. Whitehead,* 173 Ala. 209, 55 South. 803, and cases cited. On the other hand, if the item in question is not really a tax, or if meant as a tax, but is not a legal one, the taking and sale of appellant's property thereunder would be illegal and unauthorized, and he has a plain and adequate remedy at law. Multiplicity of suits and irreparable mischief is not affirmed and cannot be apprehended.—*Mayor v. Baldwin,* 57 Ala. 61, 29 Am. Rep. 712. The bill fails to make out a case for equitable cognizance, and the chancellor did not err in refusing the injunction, and the decree is affirmed.

Affirmed. All the Justices concur.