(93 South. 390)

### ALLRED v. DUNN, Tax Collector.
### (5 Div. 813.)

(Supreme Court of Alabama. May 11, 1922.)

1. **Schools and school districts ⬤➡111—Collection of tax not enjoined unless there is some other ground than illegality, irregularity, or hardship.**

Unless there is some other ground for equitable interference than illegality, irregularity, or hardship in respect to the collection of a tax levied for school purposes, injunction against the tax collector restraining its enforcement will not lie; the taxpayer's remedy being to pay the tax and sue for its recovery, under Code 1907, § 2345.

2. **Taxation ⬤➡541, 542 — Immaterial under statute authorizing recovery of taxes paid that they were not paid under compulsion or protest.**

Under Code 1907, § 2345, providing that when money is paid upon any illegal tax assessment made under color of any law, except laws relating to taxes, to be paid the state or the general funds of the county, it shall be recoverable, it is immaterial that payment of the tax was not made under compulsion or protest.

3. **Schools and school districts ⬤➡111 — Taxpayer held to have remedy for recovery of illegal tax, and not entitled to enjoin collection.**

Under Acts 1919, p. 63, § 8, Acts 1919, p. 588, art. 5, § 26, and Acts 1919, p. 612, art. 12, § 8, relative to taxes for school purposes, such a tax, if illegally collected, may be recov-

ered back under Code 1907, § 2345; and hence injunction to restrain collection will not lie.

**4. Schools and school districts ⟞⟐48(6) — County board of education may be sued if it receives funds illegally, etc.**

If the county board of education receives funds or property illegally, or misappropriates funds lawfully received, or fails in the performance of its financial obligations, though it may not act in the capacity of a trustee as to such matter, it is subject to suit.

Appeal from Circuit Court, Lee County; Lum Duke, Judge.

Taxpayer's bill by J. L. Allred against M. M. Dunn, Tax Collector, etc., to enjoin collection of taxes. From a decree dissolving a temporary injunction and sustaining demurrer to the bill, complainant appeals. Affirmed.

Berrien T. Phillips, of Opelika, for appellant.

The assessment was absolutely void, and section 2345 of the Code of 1907 does not apply. The county board of education not being suable, the remedy is in equity. High on Inj. (3d Ed.) § 485.

T. D. Samford and N. D. Denson & Sons, all of Opelika, for appellee.

Injunction against the collector will not issue, unless some recognized equitable ground other than illegality and hardship is shown. 176 Ala. 320, 58 South. 397; 173 Ala. 209, 55 South. 803; 180 Ala. 100, 60 South. 390; 62 Ala. 284, 34 Am. Rep. 15. Complainant's remedy is at law under section 2345 of the Code of 1907. 204 Ala. 384, 85 South. 774.

THOMAS, J. The suit was by a resident and taxpayer of Lee county against the tax collector to prevent the collection of a three-mill tax levied for school purposes in school district No. 11 in said county. In 1921 an election was held and carried in that district for the special tax, and the court of county commissioners levied the same pursuant to law. Acts 1915, pp. 107, 360; Acts 1919, p. 58.

[1, 2] The bill contained no averment of facts or ground for equitable jurisdiction other than that the election and the levy were "illegal and void." Unless the facts averred as a matter of law give rise to an implication of some other ground for equitable interference beyond illegality, irregularity, or hardship in respect to the collection of the tax, injunction against the tax collector will not lie, and the general demurrer was properly sustained. The proper course for the taxpayer is declared to be to "pay the tax, and seek its recovery back in an action at law." Patterson v. Pitts, Tax Col., 180 Ala. 100, 60 South. 390; Bower, Tax Col., v. Am. L. & Exp. Co., 195 Ala. 572, 71 South. 100; Adams, Tax Col., v. Sou. R. Co., 176 Ala. 320, 58 South. 397; Oates v. Whitehead, Tax Col., 173 Ala. 209, 55 South. 803; Nat. Comm. Bank v. Mayor, etc., 62 Ala. 284, 34 Am. Rep. 15. That such payment was not made under compulsion or protest is immaterial. Code, § 2345; Board of Rev. v. Birmingham W. W. Co., 160 Ala. 152, 154, 49 South. 683. The recognized jurisdiction of a court of equity to intervene in such matters is discussed in City of Ensley v. McWilliams, 145 Ala. 159, 165, 41 South. 296, 117 Am. St. Rep. 26; Town of New Decatur v. Nelson, 102 Ala. 556, 15 South. 275; Ala. Gold Life Ins. Co. v. Lott, 54 Ala. 499, 508, 509.

[3] Appellee concedes that all funds collected under such special tax levy in the school district would be paid out and expended only with the authority and approval of the county board of education; but it is further asserted that the money derived and collected from such tax levy would not be paid to or go into the custody or possession of this county board. The provisions of section 8 of the Act of 1919, p. 58, and those of section 8, article 12, of the Act of 1919, p. 612, require that such taxes be collected by the tax collector "in the same manner and under the same requirements and laws as the taxes of the state are collected, and he shall keep said amount separate and apart from all other funds" collected by him as such official and pay the same "over to the county treasurer of school funds." The latter official is required to pay out the special tax on "the authority and approval of the county board of education, * * * for the exclusive benefit of the public schools of such district," authorizing the levy of the special tax.

Appellant would have his remedy at law if the tax was illegally collected from him, under Code, § 2345, providing that—

Where money is paid "under mistake of law or fact upon any illegal tax assessment made under color of any law, special or general, of the state, or by any of its political subdivisions, authorizing the assessment or collection of taxes for any purpose whatever * * * for schools, or otherwise, except the laws relating to taxes to be paid to the state or to the general funds of the counties, respectively, the same shall be recoverable by appropriate proceedings at law or in equity against the proper parties or their successors," etc.

And this provision of the statute would have application whether such special taxes collected by the tax collector were paid by that official to the county treasurer of school funds or to the county board of education. This is indicated by provisions of section 28, article 5, of the Act of 1919, p. 588. This power or right of the county board of education was adverted to in Kimmons v. Jefferson

---

County Board of Education, 204 Ala. 384, 387, 85 South. 774, 776, where attention is called to the last sentence of that section, to wit: "All processes shall be executed by service on the executive officer of the board." Held, that the county board of education is a quasi corporation that is "given the right to sue, and the implied right to be sued, and to hold property in trust." Since the remedy sought by complainant is provided by law (Code, § 2345) and he has averred no special equity, the demurrer was properly sustained.

[4] Appellant urges that the county board of education can only be sued on contracts which it is authorized to make. In contradistinction to this insistence it must be borne in mind that the county board of education controls such funds as the law directs. It follows that if it receives funds or property illegally, or if it misappropriates funds lawfully received, or fails in the performance of its financial obligations, though it may not act in the capacity of a trustee as to such matter, it is subject to suit by the terms of the law of its creation, as we have indicated in the preceding paragraph.

The appellant had his remedy at law (State ex rel. Norwood v. Goldsmith, 162 Ala. 171, 174, 50 South. 394; Id.; 168 Ala. 224, 227, 53 South. 84); and the decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.