UNION LAND & TIMBER CO. v. PEARL RIVER COUNTY.*

[106 So. 277. No. 25245.]

(Division B. Dec. 14, 1925.)

1. TAXATION. *Plea to declaration to recover taxes paid under void assessment, alleging payment without compulsion and without protest or objection, states defense.*

Where a plea to a declaration to recover taxes paid under a void assessment alleges that the taxpayer agreed with the taxing authorities on the assessment, and that it paid the taxes without any request, demand, or threat from the tax collector, and paid it without any protest or objection, and without any compulsion on the part of the tax collector, such plea states a defense to the suit.

2. TAXATION. *Taxpayer, voluntarily paying taxes without protest, cannot recover them, although assessment was made without legal authority.*

Where a taxpayer voluntarily pays taxes without protest, he cannot recover the taxes by suit, although the assessment was made without authority of law.

3. TAXATION. *Statutes held not to authorize refund of taxes paid without protest and without coercive steps by taxing authorities.* Section 4346, Code of 1906 (Hemingway's Code, section 6980), does not authorize the refund of taxes paid without protest and without any coercive steps by the taxing authorities, but merely provides a method of refunding taxes paid under protest or collected under coercive proceedings.

*Headnotes 1. Taxation, 37 Cyc., p. 1189; 2. Taxation, 37 Cyc., p. 1178; Taxes voluntarily paid as not recoverable, see 26 R. C. L., p. 455 et seq.; 4 R. C. L. Supp., p. 1664; 3. Taxation, 37 Cyc., p. 1179.

APPEAL from circuit court of Pearl River county.
HON. J. Q. LANGSTON, Judge.
Action by the Union Land & Timber Company against Pearl River county to recover taxes. Judgment for defendant, and plaintiff appeals. Affirmed.

*F. M. West,* for appellant.

Acting under the provisions of section 4346, Code of 1906, appellant applied to the auditor of public accounts of the state for a refund of excess taxes paid in to the state treasury, and on April 4, 1919, the claim was allowed and paid. The auditor certified the matter to Pearl River county in the manner provided in that section, but the same was rejected and disallowed by the board at its meeting in April, 1919. Suit was immediately filed. To the declaration now before the court, the county pleaded general issue and the affirmative defense that the assessment was agreed to by the parties and was therefore binding upon appellant.

The principal question presented to this court is: *May a tax illegally collected be refunded under section 4346, Code of 1906?* It is contended by the county that the payment was voluntary and cannot be recovered. It is contended by appellant that the assessment being void (*Pearl*

*River County* v. *Lacey Lumber Co.*, 124 Miss. 85) the tax was illegally exacted and was therefore paid under compulsion, coercion, and duress, amounting to an involuntary payment, and is, therefore recoverable. Appellant contends it is still recoverable under said Code, section 4346, even though voluntary.

Appellee seems to have wholly misunderstood this court's opinion in the Lacey case. The court did not hold, and did not intend to hold, that only payments under protest were refundable, under Code 1906, section 4346. It is our contention that a thing once void is always void, and no rights can accrue to the county, and no harm can attach to appellant, because of an agreement over a void thing.

The assessment for 1916 being void under the following decisions of this court, the 1915 assessment would stand as the last valid assessment; and, appellant having paid three hundred dollars and sixteen cents more on the void assessment than it did on the last previously good assessment, it is entitled to a refund of the excess. *Lacey Lumber Co.* v. *Pearl River Co.*, 124 Miss. 85; *Horton* v. *King*, 73 Miss. 871, 113 Miss. 60; *Bullock* v. *Board of Supervisors, Covington Co.*, 77 So. 662; *I. C. R. R.* v. *Board, etc.*, 102 So. (Miss.) 265; *Blodgett* v. *Pearl River Co.*, 134 Miss. 816.

Prior to 1900 the only remedy of the taxpayer who had paid money into the state and county treasuries under circumstances similar to that here presented was by a special relief act of the legislature. By chapter 76, Acts of 1900, the state adopted a different policy in such matters. All the sections of that Act have been brought forward in the Code of 1906, and these statutes have been in force, unchanged, for twenty-five years, and are evidently serving the purpose intended, as they are still in force.

It is settled law that where a taxpayer is subjected to the payment of a tax which is illegal, an action will lie against the collector to recover it back unless he has paid

it over to his superiors; in which event the action is against the corporation. *Tuttle* v. *Everett,* 51 Miss. 27.

We contend that where an assessment is void, the tax is illegal, the payment is involuntary, and protest is not necessary in order that the taxpayer may recover the tax so paid. Also where the sovereign has provided statutory relief, as in this state (sec. 4346, Code 1906), protest of payment is not a condition precedent to the right to a refund of the tax paid. The section covers both voluntary and involuntary payments.

Section 4346 provides how the taxpayer may get a refund of a tax that is not due. Appellant paid a tax that was not due. He is entitled to a refund of the same. The state recognized his right to the refund and made him whole as to its part of the collection, and the appellee county should be forced to do likewise.

In *Rand* v. *United States,* 63 L. Ed. 731 (U. S. 1919) the United States supreme court held that payment under protest is not essential to the maintenance of a suit to recover back inheritance taxes founded upon the act of July 27, 1912 (37 Stat. at L. 240, chapter 256) which provides for the refunding to persons presenting claims of taxes erroneously or illegally collected under the War Revenue Act of June 13, 1898 (30 Stat. at L. 465, chapter 448, Comp. Stat. 1916, section 6144) imposing taxes on inheritances. See, also, *Simpson* v. *United States,* 64 L. Ed. 709 (U. S.) ; *United States* v. *Hvoslef,* 237 U. S. 1, 59 L. Ed. 813; Ann. Cases, 1916 A, 286.

The last named case holds that payment under protest is not prerequisite to right to a refund where there is a statute that provides for the refund of taxes erroneously, or illegally assessed or collected. That is the construction we ask this court to place upon Code, section 4346. That section of the Code has not yet been construed by this court. It is quite plain, however, what the legislature meant. A tax is certainly "not due" when it has been illegally assessed and collected.

It is also "erroneously" paid when paid under a void assessment. The decision in Mississippi, in the *Tuttle*

*case, supra,* is still the law here. An illegal tax is paid under compulsion, because not due. It is exacted when not due, and is refundable.

That case clearly holds that the payment of a tax to one having formal authority to collect is involuntary and if the tax is illegal the amount paid may be recovered back.

That case was cited in *Magnolia* v. *Sherman,* 46 Ark. 358, holding that one may recover illegal tax paid under threats and compulsion; *Vicksburg* v. *Butler,* 56 Miss. 72, holding same where tax was paid upon city collector's threat to close plaintiff's shop. Cited in reference note in 26 Am. Dec. 295, as to when payment of taxes is involuntary and amount paid recoverable. Cited in notes in 45 Am. Dec. 164, on recovery of illegal taxes paid under protest; 94 Am. St. Rep. 428, on general prerequisites to recovery of taxes paid; 11 L. R. A. (N. S.) 1105, on right to recover money paid for illegal taxes after it has been paid over or distributed; 26 Am. Rep. 624, 21 L. Ed. (U. S.) 63, as to when taxes illegally assessed may be recovered. Cited in *M. & O. R. R. Co.* v. *Steiner,* 61 Ala. 559, holding that shipper paying illegal freight charges rather than forego carrier's services, may recover same; *West Va. Transp. Co.* v. *Sweetser,* 25 W. Va. 434, holding that shipper may recover excessive charges demanded by only railroad available to him. Cited in *Hawkins* v. *Mangum,* 78 Miss. 97, holding a void statute and assessments under it not validated by certain other statute.

Code section 4346 is sufficient statutory law to authorize a repayment of the tax, even though it should be held that the tax was voluntarily paid. We contend, however, that the tax was not voluntarily paid under the Mississippi cases, *supra.*

Referring to 45 Cent. Dig., section 999, see the numerous citations sustaining our contentions, to be found in that section. See also 26 R. C. L. 454, *et seq.,* where the law is fully set out. See also *Wilson, Auditor* v. *Naylor,*

116 Miss. 575; *Taylor, Treasurer* v. *Guy,* 119 Miss. 357; *McGehee* v. *Pitts,* 65 Miss. 357.

As to when a payment will be considered involuntary, see 45 Cent. Dig., section 1002; 55 Miss. 37; 75 Miss. 665. The Iowa courts have held under their statute (section 1417), that the taxpayer may recover taxes erroneously or illegally exacted, or paid, even though payment was voluntary, and without protest. *Lauman* v. *Des Moines Co.,* 29 Ia. 310; *Richards* v. *Wapello Co.,* 48 Ia. 507; *Dickey* v. *Polk Co.,* 58 Ia. 287. Further, as to the remedy of the appellee, see 26 R. C. L. 470; *Eureka Pipe Line Co.* v. *Riggs,* Ann. Cas. 1918 A, 995. For a full discussion of the law, according to the taxpayer the right to a refund of an illegal tax, especially where the statute authorizes a refund, see *Phoebus* v. *Manhattan Club,* 105 Va. 144, 8 Ann. Cas. 667, and elaborate notes; *Monagham* v. *Lewis,* 5 Penn. (Del.) 218, 10 Ann. Cas. 1048 and elaborate notes.

II. *Cooley on Taxation (3 Ed.), 1487.* In the following cases, refunds were held proper under the statutes similar to those here involved—Stotesbury's Co. Inheritance Tax, 20 Pa. Co. Ct. 53; *Boston & Maine R. Co.* v. *State,* 63 N. H. 571; *Smith* v. *Comptroller of State,* 18 Wend. 659; *State* v. *Thompson,* 10 Ark. 61; *White* v. *Smith,* 23 So. (Ala.) 525; *McClandish* v. *Commonwealth,* 76 Vt. 1002; *Noyes* v. *State,* 46 Wis. 250, 32 Am. Rep. 710; *Coxe* v. *State,* 144 N. Y. 396; *Corkings* v. *State,* 99 N. Y. 491; *Western A. R. Co.* v. *State* (Ga.), 14 L. R. A. 438.

*Parker & Shivers,* for appellee.

The question is as to whether the court will permit a tax to be recovered by the taxpayer where the same was paid to the tax collector without any objection, and without any protest of any nature, either general or special.

There is no allegation in the declaration that the taxpayer objected or made any protest, there is no notation of any protest on any of the tax receipts, all of which

are made exhibits to the declaration. In fact, it is admitted that no protest was either made by the taxpayer or noted by the tax collector. The appellant takes the position that by reason of the refunding statute of the state, to-wit: Section 4346, Code of 1906, his position is maintainable, and that this tax, although paid without any objection whatever, is now recoverable.

The appellee takes the adverse position. There being no protest, this tax cannot be recovered. Section 4346, Code of 1906, neither lessens the proof required, nor the facts necessary to authorize a refund. Said section is only an additional method, or provides additional procedure for recovering a tax, which could have been recovered had this statute never been enacted.

It is, of course, unquestioned that the 1916 tax assessment in Pearl River county was void. The law on which same was based was so declared by this court· It is equally as certain that the taxpayer, under the law, was charged with as much notice of this unconstitutional law, this void assessment, as was the tax collector who received the tax herein sought to be recovered; both the taxpayer and the tax collector acted in this matter on a mistake of the law, each being equally mistaken, both honestly believing that they were discharging their respective duties.

All parties to this transaction labored alike under a misunderstanding, or ignorance of the law, and in the absence of any fraud, imposition or threat, and with a full knowledge of the facts, a recovery of these taxes cannot be had. 37 Cyc. 1178-1179; 30 Cyc. 1315; *City of Vicksburg* v. *J. & T. Butler,* 56 Miss. 72; *City of Jackson* v. *Newman,* 59 Miss. 390; *Town of Tupelo* v. *Beard, et al.,* 56 Miss. 532.

We are not unmindful of *Tuttle* v. *Everett,* 51 Miss. 27. On the first reading, this seems to bear out or support the appellant's contention as presented by this record, but on study of the law of Mississippi governing a recovery of tax paid as is herein presented, we are

forced to believe that our supreme court has distinguished throughout all these years the Tuttle case from the announced law of this state, that there must be a protest made at the time of the payment of the taxes before same can be recovered from the state. We think that the court has uniformly held both, in its early and recent decisions, that such was necessary, and we do not think that the court will now hold that *Tuttle* v. *Everett,* controls.

As early as 1878—three years after the decision of the Tuttle case—we find the court distinguishing it from the facts shown by this case and we find the courts following this line of reason, as announced by Chief Justice SIMRALL, in *City of Vicksburg* v. *Butler, supra.* We also contend that this court, in *Illinois Central Railroad Co.* v. *Board of Supervisors of Attala Co.,* 102 So. 265, held the same thing.

The refund statute does not, in any sense, change the rule that a protest at the time of the payment of a tax is necessary to authorize a recovery of said tax. If such had been the intention of the legislature in passing this statute, it would have embodied this exception therein.

Argued orally by *F. M. West,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was plaintiff below, and filed suit to recover the taxes paid under an assessment made under a special act of the legislature of 1916 authorizing the board of supervisors of Pearl River county to have a new assessment of lands made. Chapter 475, Laws of 1916. It alleged that on December 28, 1916, it paid the tax collector of said county eighty dollars and four cents, after deducting a commission for collecting, more than it paid on its lawful taxes for the year 1915; that it paid three hundred dollars and sixteen cents, after deducting commissions for collecting, more than it paid on its

lawful taxes for the year 1915 to said county through its tax collector. Copies of the tax receipts for 1915 and 1916 were attached as exhibits to the declaration. Plaintiff then alleged that, although the assessment for the year 1916 was made under the guise and authority of law, yet the assessment was illegal and of no legal effect, being in violation of section 112 of the Constitution of Mississippi, and also in contravention of the Fourteenth Amendment of the Constitution of the United States.

It is then alleged: That the tax assessor of Pearl River county, under color of said legislative act (chapter 475, Laws of 1916), assessed said lands in the year 1916 and certified the same to the auditor of public accounts. That under the assessment the tax collector proceeded to demand of the plaintiff payment of the said sums aforementioned, and appellant did pay the same, and that the tax collector paid the same into the treasury of the county and of the state of Mississippi. That the sheriff had power under the law to seize the property of the plaintiff and to sell it in payment of the taxes. That said taxes were not due by the plaintiff to either the county or state, and that said assessment was illegally exacted, and said taxes were paid under compulsion and duress of law.

Plaintiff then alleged that he presented a claim for refund of the said taxes to the auditor of public accounts of the state of Mississippi under section 4346, Code of 1906 (Hemingway's Code, section 6980), and that the auditor and the attorney-general found the same to be due and owing, and issued a warrant on the state treasury for the state's part, and certified the allowance and the correctness of the account to the board of supervisors for allowance, which the board of supervisors refused to do, wherefore plaintiff demanded judgment against the county for said sum.

The defendant, the county, pleaded the general issue and also a special plea in the following words:

"Comes now the defendant, by Parker & Shivers, its attorneys, and defends, etc., and for its first special plea in this behalf says that the plaintiff ought not to recover of and from this defendant in this suit, for the reason that the money claimed to be due and owing from this defendant was taxes assessed to plaintiff, which was paid by it under the following circumstances:

"That a special assessment of the lands in Pearl River County, Miss., including the plaintiff's land, was made in the year 1916, under a special law passed by the Mississippi legislature at its 1916 session. Said assessment was made and returned to the board of supervisors of Pearl River County at the usual and regular time for the filing of such assessment, and was by said board of supervisors duly equalized and approved; that at the time of the equalization of said assessment the plaintiff by its agents appeared before said board for changes in plaintiff's assessment, agreeing with said board to the assessment of plaintiff's said land on the aforesaid assessment roll as approved; that thereafter, to-wit, on the —— day of ——, the plaintiff paid its taxes on its said lands, as assessed by the tax collector of Pearl River County, Miss., without any request, demand, or threat from said tax collector, the said taxes being voluntarily paid by plaintiff without any protest or objection on plaintiff's part, and without compulsion on the part of said tax collector—all 'of which the defendant is ready to verify. Therefore it prays judgment if plaintiff ought to have and recover of it the sum claimed by plaintiff for any part thereof as set out in its declaration."

The plaintiff demurred to the special plea, and the demurrer was overruled by the court, and plaintiff declined to plead further, and the suit was dismissed.

There was an agreement filed that the claim for a refund had been filed with the auditor and attorney-general as alleged, and that they had refunded the state's part of the taxes and had certified the county's part to the county for allowance under the above statute. It was

further agreed that the plaintiff paid the amount of taxes above stated in excess of the amount paid in 1915, and it is agreed that the board of supervisors rejected the county's part. Certain other suits are to abide the result of this suit.

By an examination of the special plea above set out, it will be seen that the payment was made without protest, and that the assessment was agreed to by the appellant, and that the amount was paid without any request, de- mand, or threat by the tax collector, and that the pay- ment was voluntarily made.

In the case of *Pearl River County* v. *Lacey Lumber Co.*, 124 Miss. 85, 86 So. 755, it was adjudged by this court that the assessment made under chapter 475, Laws of 1916, was void. We also held in that case, where the payment was made by indorsing "paid under pro- test" on the tax receipt, that a general protest was suf- ficient where the assessment was void on its face. We also held in that case that, if the infirmity in the assess- ment is caused by a failure to do a particular thing, or results from facts not apparent of record, a special pro- test is necessary.

The appellant insists in this appeal that the above case is not authority in the present case because all that was necessary to decide in that case was that the protest was sufficient to authorize a recovery. The question was considered by the court and was fully briefed by the parties in that suit, and, if no protest was necessary at all, the court would not have held that a special protest must be made where the defect was not apparent on the face of the record. While it may be said that that part of the decision was not necessary to a disposition of the case, still it was directly presented and was considered, and the philosophy of the decision predicated upon the fact that a protest was necessary.

The general rule is that a payment made that is volun- tary cannot be recovered by suit. *Wesson* v. *Collins*, 72 Miss. 844, 18 So. 360, 917; *Jackson* v. *Newman*, 59 Miss.

385, 42 Am. Rep. 367; *Tupelo* v. *Beard,* 56 Miss. 532; *Remington Arms Union Metallic Cartridge Co.* v. *Feeney Tool Co.,* 97 Conn. 129, 115 A. 629, 18 A. L. R. 1230, and case note at page 1233; *Brunson* v. *Board of Directors,* 107 Ark. 24, 153 S. W. 828, 44 L. R. A. (N. S.) 293, Ann. Cas. 1915A, 493, and case note; *Monaghan* v. *Lewis,* 5 Pennewill (Del.), 218, 59 A. 948, 10 Ann. Cas. 1048, and case note; *Phoebus* v. *Manhattan Social Club,* 105 Va. 144, 52 S. E. 839, 8 Ann. Cas. 667, and case note; *N. O. & N. E. R. Co.* v. *Louisiana Construction & Improvement Co.,* 109 La. 13, 33 So. 51, 94 Am. St. Rep. 395, at page 408 *et seq.,* especially at page 425 with reference to payment of taxes; note in 45 Am. Dec. at page 164.

Generally the authorities hold that a payment voluntarily made cannot be recovered, and that some coercive measure or proceeding, such as seizure or threat of imprisonment by an officer armed with authority to seize or arrest, is necessary. See authorities above cited. Our court, however, is more liberal than most of the courts, and holds that payment under protest may be recovered if the taxes were illegal, or that any coercive steps taken by authority having the power to seize or levy is sufficient to make it involuntary. *Tuttle* v. *Everett,* 51 Miss. 27, 24 Am. Rep. 622; *Vicksburg* v. *Butler,* 56 Miss. 72.

We are of the opinion that section 4346, Code of 1906 (Hemingway's Code, section 6980), does not dispense with the necessity of protesting in case the roll is illegal or void for any reason, but that it is a statute intending to give the taxpayer a right of action for the recovery of the thing illegally taken from him under duress or over his protest—a right he would not have unless conferred by some statute.

In considering the question, we must consider the general laws and policy of the state in matters of taxation. Our court has held, where property is actually assessed by the assessor or brought before the taxing authorities and assessed, that it cannot be back assessed by the rev-

enue agent, although the assessment was void. *Adams v. Luce,* 87 Miss. 220, 39 So. 418; *Robertson, Revenue Agent,* v. *Bank of Yazoo City,* 123 Miss. 380, 85 So. 177; *Long Bell Co.* v. *McLendon,* 127 Miss. 636, 90 So. 356.

We must also take into consideration the fact that the board of supervisors must make the county levy on the basis of the property assessed under section 3708, Hemingway's Code (section 335, Code of 1906). It was held by the court in *Gamble* v. *Witty,* 55 Miss. 26, that, if the board meet at the proper time and levy county taxes, and at a subsequent meeting levy other taxes, such additional levee would be void. A county must make up its estimate of revenues by the assessment roll before it, plus the amount of money needed for county purposes, and fix the rate of levy accordingly.

In the case before us, the county made the levy on the basis of the void assessment which the declaration shows was at a higher valuation than the 1915 roll. If the appellant without protest can recover the excess paid, then every other taxpayer of the county may do likewise, and still the board would be without power to make another levy of the taxes to meet the necessary expenses. While the mere fact that the money has been collected and distributed to the various county purposes by the county does not prevent the taxpayer who has reserved his right to protest, from recovering, still it is permissible to consider the results that would flow from the statute by a particular construction before adopting that construction. If the taxpayer voluntarily pays the tax, he has no one to blame but himself. If attention has been called to the fact that the roll was void, the county authorities perhaps could have remedied the situation. At least the county authorities could probably have gotten legislative authorities to do whatever was necessary to further the county's interest in making an appropriate levy. To hold that a payment voluntarily made could be recovered would be very disturbing, and would run contrary to the general authorities of the country.

We therefore think that the best and the proper construction is to hold that there can be no recovery where there was a voluntary payment. In most of the authorities cited by the appellant from other states there was either a protest actually made or there were such proceedings taken by the authorities as prevented it from being a voluntary payment. In some jurisdictions the statute expressly provides that a protest is not necessary. See *Board of Revenue* v. *Birmingham Waterworks Co.*, 160 Ala. 152, 49 So. 683, and *U. S.* v. *Hvoslef*, 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, at page 818, Ann. Cas. 1916A, 286, where the court held that the act of Congress expressly provided for the refunding of the tax, whether paid under protest or not.

The judgment of the lower court will therefore be affirmed.

*Affirmed.*