193 So. 319

### CITY OF PRICHARD et al. v. RICHARDSON.

#### I Div. 73.

Supreme Court of Alabama.

Jan. 18, 1940.

Geo. A. Sossaman, of Mobile, for appellants.

Harry T. Smith & Caffey, of Mobile, for appellee.

**BROWN, Justice.**

The appellee, engaged in the business of operating a gasoline filling station and selling gasoline and other automotive fuels, outside the corporate limits, but within the police jurisdiction, of the appellant municipality, City of Prichard, filed this bill against said municipality to restrain and enjoin them from enforcing two certain ordinances which together levy an excise or privilege tax in an amount equal to one cent per gallon of all such gasoline or like fuel sold.

An order made by one of the Judges of the Circuit Court upon the filing of the bill granted the injunction, and the defendants appeared and filed a demurrer to the bill, which the court overruled, hence this appeal.

The ground on which the complainant rests her right to relief is thus stated in the bill: "complainant avers that each of said ordinances referred to in the next preceding paragraph is unreasonable, unconstitutional and void for that it does not exact a license of those operating filling stations without the city limits, but within the police jurisdiction, according to the need of said business for regulation, but instead of classifying such business according to such need and so on a proper basis, the respondent City of Prichard, for the purpose and with the intent of raising revenue for the City, and not for the purpose or with the intent of regulating said business under the police power, arbitrarily fixed the license on those conducting said business within the police jurisdiction, but without the city limits, at a flat rate of one-half of the amount required by the ordinances referred to in paragraph 3 hereof, for carrying on the same character of business within the city limits."

The ordinances require monthly reports of sales and monthly payments of the tax and denounce the doing of business within the territory; each day, as a separate offense, subjecting the violator thereof to fine of not exceeding $100, and imprisonment of not more than six months.

The ordinances, however, provide that the applicant for a license, if made at the beginning of the year, may deposit as an advance payment the sum of $25, and if made after the 1st of July, one-half of that sum, and if the aggregate monthly payments do not equal or exceed the sum so deposited, the excess of the deposit will be refunded to the licensee.

This provision of the ordinances affords the licensee an easy method of avoiding annoyance and vexation of a multiplicity of suits, and the statute provides a plain and adequate remedy for the recovery, from a municipal corporation, if made under a void ordinance, although payment was not made under protest. Code 1923, § 3144; Allred v. Dunn, Tax Collector, 207 Ala. 469, 93 So. 390; Wall-Hay-Wall Lumber Co. et al., v. Mathews et al., 211 Ala. 426, 100 So. 824; City of Gadsden et al. v. American Nat. Bank, 225 Ala. 490, 144 So. 93.

We have not overlooked the provisions of the statute that money paid under mistake of law or fact "shall be recoverable *by appropriate proceedings* at law or in equity." This provision was in the statute as § 2345 of the Code of 1907, and it was ruled here in the two cases first above cited, that a bill to enjoin the collection of the tax was without equity. The statute has since been brought forward in the Code of 1923, without change in this respect, and the rule of said cases has been reaffirmed in City of Gadsden et al. v. American Nat. Bank, supra. [Italics supplied.]

If the circumstances are such that a multiplicity of suits is inevitable, that is to say, unavoidable by lump sum payment, or there is a taking of property without due process of law, by compelling unnecessary or burdensome expenditure of money, as a prerequisite to obtaining a license, equity may intervene. Shanks et al. v. Winkler, 210 Ala. 101, 97 So. 142; Board of Commissioners City of Mobile et al. v. Orr, 181 Ala. 308, 61 So. 920, 45 L.R.A.,N.S., 575; Bryan v. Mayor and Aldermen of City of Birmingham, 154 Ala. 447, 45 So. 922, 129 Am.St.Rep. 63; Town of

Cuba v. Mississippi Cotton Oil Company, 150 Ala. 259, 43 So. 706, 10 L.R.A.,N.S., 310.

The bill is without equity, and the decree of the Circuit Court is reversed. Brown v. Mayor and Aldermen of Birmingham, 140 Ala. 590, 37 So. 173.

Reversed and remanded.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.