28 So.2d 924

## L. W. RICHARDSON & CO. v. TOWN OF HAMILTON.

### 6 Div. 509.

Supreme Court of Alabama.
Jan. 16, 1947.

Fred Fite, of Hamilton, for appellee.

Fite and Fite, of Hamilton, and John E. Carruth, of Columbus, Miss., for appellant.

LAWSON, Justice.

This is an appeal from a decree sustaining a demurrer to a bill or petition for declaratory judgment. § 755, Title 7, Code of 1940.

Complainant in effect sought to have the court declare that the Town of Hamilton could not lawfully require it, a Mississippi business establishment, to pay a license required of transient dealers by an ordinance of said Town, for the reason that to do so would contravene the commerce clause,

Article 1, § 8, of the Constitution of the United States.

The demurrer, which was to the bill as a whole, contained grounds taking the points that the bill of complaint showed on its face that it was without equity; that complainant had a plain and adequate remedy at law; and that no case was made out by the bill for a declaratory judgment.

■ If any ground of the demurrer was good, the trial court will be upheld in sustaining the demurrer. Gaynor v. Bauer, 144 Ala. 448, 39 So. 749, 3 L.R.A.,N.S., 1082; First Nat. Bank of Dothan v. Fountain Motor Co., 227 Ala. 133, 148 So. 817; Folmar v. Brantley, 238 Ala. 681, 193 So. 122. We are not in any wise limited to a consideration of those grounds of the demurrer which appear from the opinion of the trial court to have been considered by him as well taken. Richard et al. v. Steiner Bros., 152 Ala. 303, 44 So. 562.

We think that the first question which should be considered is whether complainant has pursued the proper remedy.

It is true that in at least one case we have treated this form of remedy as applicable to a controversy in practically all material respects similar to the one here involved. City of Roanoke v. Stewart Grocery Co., 235 Ala. 23, 176 So. 820. And in City of Enterprise v. Fleming, 240 Ala. 460, 199 So. 691, we dealt with another controversy involving the constitutionality of a municipal ordinance in a declaratory judgment proceeding. But it does not appear that the form of the remedy was questioned in either of those cases.

The recent decisions of this court relating to the subject treat a declaratory judgment proceeding somewhat like an extraordinary legal remedy, to be denied when there is a regular action available, or like an equitable action to be dismissed when there is an adequate remedy at law. Goltsman v. American Life Ins. Co., Ala. Sup., 26 So.2d 596;[1] Donoghue et al v. Bunkley et al., 247 Ala. 423, 25 So.2d 61; Glass v. Prudential Ins. Co., 246 Ala. 579, 22 So.2d 13, 15.

■ In Glass v. Prudential Ins. Co., supra, it was said: "Construing our de-

claratory judgment statute, Code 1940, Title 7, § 156 et seq., this court has held resort could not be had thereto if adequate relief and appropriate remedy are presently available to the complainant party through the means of other existing forms of action or proceedings, noting some few exceptions not here pertinent. State v. Inman, 238 Ala. 555, 191 So. 224."

Mr. Justice Livingston, writing for the court in Goltsman v. American Life Ins. Co., supra, [26 So.2d 598] [2] said: "The recent case of George Donoghue et al. v. Bunkley, Comm'r et al., [247] Ala. [423], 25 So.2d 61, 70, set at rest in this jurisdiction (contrary to this writer's opinion), the question as to whether a declaratory judgment was like an extraordinary legal remedy, to be denied when there is a regular action available, or like an equitable action, to be dismissed when there is an adequate remedy at law. It was there held that 'our authorities are to the effect that ordinarily resort is not to be had to the declaratory judgment statute, Title 7, section 156 et seq., Code of 1940, if adequate relief and appropriate remedy are presently available to the complaining party through the means of other existing forms of actions or proceedings.'"

■■ The question is presented, therefore, as to whether or not complainant had a plain and adequate remedy at law. We answer that question in the affirmative. The provisions of §§ 332–334, Title 51, Code of 1940, afford a plain and adequate remedy for the recovery, from a municipal corporation, of taxes (licenses) paid under a void ordinance. City of Prichard et al. v. Richardson, 238 Ala. 646, 193 So. 319. And recovery may be had under said sections even though payment was not made under protest. Allred v. Dunn, Tax Collector, 207 Ala. 469, 93 So. 390; City of Prichard et al. v. Richardson, supra. As to the right of a taxpayer to recover from a municipality taxes paid under protest see City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64; City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451.

That the remedy provided by §§ 332–334, Title 51, is plain and adequate is apparent

---

[1] Ante, p. 151.

[2] Ante, p. 151.

588

from the decision in Glass v. Prudential Ins. Co., supra. In that case the insurance company sought a declaratory judgment to the effect that the imposition of the tax prescribed by § 816, Title 51, Code of 1940, was as against complainant violative of the commerce clause, Article 1, Section 8, of the Constitution of the United States and therefore was unconstitutional and void. We held that a declaratory judgment should not be rendered as complainant could have pursued the course of paying the tax under protest and then brought suit for its recovery as provided by an act approved July 10, 1943, General Acts 1943, page 369, which now appears in the 1945 Cumulative Pocket Part, Code of 1940, as §§ 890 and 891, Title 51.

The instant case bears no analogy to the situation presented in the sales tax cases and the case of Donoghue v. Bunkley, supra, where the demands made were recurring and the taxpayer subject to prosecution for recurring violations. Here a lump sum payment of the amount of the license ($25.00) would have prevented any further action on the part of the municipal authorities. City of Prichard v. Richardson, 238 Ala. 646, 193 So. 319.

It results that our conclusion is that complainant had a plain and adequate remedy at law and therefore declaratory judgment was not the proper remedy. The decree sustaining the demurrer to the bill is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.